44683. SAMS v. THE STATE.

ARGUED SEPTEMBER 8, 1969—DECIDED JANUARY 9, 1970—
REHEARING DENIED JANUARY 23, 1970—

*Robert Carpenter, LeRoy C. Hobbs,* for appellant.

*Hinson McAuliffe, Solicitor, Thomas E. Moran, James L. Webb, Frank A. Bowers,* for appellee.

HALL, Judge. 1. Two of the enumerations of error are that the trial court erred in overruling the defendant's motion to suppress evidence and in subsequently admitting this evidence over objection at the trial. The evidence was obtained by a warrant which defendant claims was not supported by proper affidavit.

The text of the affidavit reads as follows: "We have received information from an informer that has proven reliable in the past on gambling and lottery information who states that he has personal knowledge that Eddie O. Sams is taking bets on ball games. The informant states that most of this betting is conducted from Eddie Sams' home located in Cobb County on Old Tritt Rd. and that Eddie Sams pays off and collects monies for these bets at his service sta. on Ponce de Leon Av. on Monday mornings following the week end ball games. The informant states that Eddie Sams will have collection sheet on his person when he arrives at work on Mons. The informant also stated that some bets are handled at the ser. sta. itself and that people who gamble come and go from this location. This information has been received during the last month several times, the latest time being Dec. 17th, 1968. Subject Eddie Sams has previous arrests for this type violation and bets have been found before at this location and we have seen people known to us to be involved in betting on athletic contests at this location. For the above reasons I believe that Eddie O. Sams is violating Sec. 26.6410 at the above location."

Defendant relies on the recent case of Spinelli v. U. S., 393

U. S. 410 (89 SC 584, 21 LE2d 637). Here again, as in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723), the Supreme Court considered the sufficiency of the affidavit's facts and circumstances to show probable cause. However, the court definitely states that it is clarifying Aguilar, not changing it. The Spinelli affidavit is found insufficient upon application of the Aguilar tests of an informer's tip. As clarified by Spinelli, these tests are: (1) that the affidavit gives' reasons for the informer's reliability, and (2) that the affidavit either specifically states how the informer obtained the information *or* the tip describes the criminal activity in such detail that the magistrate may know it is more than a "casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation."

The Spinelli affidavit was only a bald statement that the F.B.I. "has been informed by a confidential reliable informant that Wm. Spinelli is operating a handbook and accepting wagers and disseminating wagering information by means of the telephone. . ." There is a vast difference between this and the affidavit in the present case. Here, reliability is shown by a past history in similar matters. See *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666); *Steele v. State,* 118 Ga. App. 433 (164 SE2d 255). Here also the criminal activity is detailed as to times and places.

Standing alone, the sighting of known gamblers at the service station or the defendant's previous arrests on lottery charges are merely the assertion of police suspicion, and of course, insufficient for the issuance of a search warrant. On the other hand this information does not void the affidavit. It adds weight to the tip so that a magistrate, looking at the whole of the evidence, can find probable cause.

The trial court did not err in denying defendant's motion to suppress or in admitting the evidence over defendant's objection.

2. Defendant enumerates as error the refusal of the trial court to grant a mistrial because the assistant solicitor used the following language in his argument: "We speak of organized crime, and when you do get into three basic elements of evidence: narcotics, prostitution and gambling, generally one will

tint the other. But this is the type of organized crime that has to be stopped. . ." In overruling the motion the court directed the solicitor not to go into general crime conditions. The defendant renewed his motion. We find no error. *Terhune v. State,* 117 Ga. App. 59 (159 SE2d 291); *McKeever v. State,* 118 Ga. App. 386 (163 SE2d 919); *Frye v. State,* 71 Ga. App. 795 (32 SE2d 410); *Hunt v. State,* 64 Ga. App. 324 (13 SE2d 121).

3. The evidence authorized a conviction. *Hill v. State,* 114 Ga. App. 527 (151 SE2d 818); *Thomas v. State,* 118 Ga. 774 (45 SE 622).

*Judgment affirmed. Jordan, P. J., and Whitman, J., concur.*