46927. GREBE v. THE STATE.
46928. HORAN v. THE STATE.

874

 

ARGUED JANUARY 31, 1972—DECIDED MARCH 14, 1972—
REHEARING DENIED MARCH 31, 1972.

*William J. Neville, S. George Berkley,* for appellants.
*J. Lane Johnston, District Attorney,* for appellee.

EVANS, Judge. This is another of the many, many cases involving motions to suppress evidence allegedly obtained by illegal search warrants. The defendants were indicted, tried, and convicted of the offense of possession of certain named dangerous drugs in violation of the laws of Georgia. Separate trials were held, but the substance of the appeals is the same, including the evidence submitted during the separate trials.

The hearing on the motion was based on a stipulation as to the warrant and affidavit attached; and the court overruled the motion by finding as a matter of law that the affidavit set forth sufficient facts to establish probable cause for the issuance of the warrant by the magistrate. The text of the material part of the affidavit is as follows: "Reliable Informer informed *He knew of own personal knowledge that drugs were there;* and, premises frequented by several known drug law violators whose presence were detected by survielance [sic] on August 24, 25, 26, 27 & 28, 1970; and, several vehicles known to belong to known drugs laws violators in Chatham County, Georgia, have been observed upon the premises at all hours; and, vehicle belonging to Jackson Cash Rhodes, who was recently arrested in California for possession of approximately 350 pounds of marijuana, has been observed at subject premises on several occasions within the past week." (Emphasis supplied). No question as to the location of the premises

is involved, and the only question is as to whether the affidavit meets the strict requirements of the Supreme Court with reference to search warrants.

In *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473), and *Johnson v. State,* 111 Ga. App. 298 (141 SE2d 574), this court has discussed at length the meaning of the Federal cases binding us on search warrants. The *Sams* case, which is also based on an informer's tip, cites the recent case of Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) as listing the positive requirements of the affidavit as follows: "(1) that the affidavit gives reasons for the informer's reliability, and (2) that the affidavit either specifically states how the informer obtained the information *or* the tip describes the criminal activity in such detail that the magistrate may know it is more than a 'casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation.'" (Emphasis supplied.)

Does the affidavit in the case sub judice meet the test as laid down in those authorities? The affidavit recites absolutely nothing which would show the informer's reliability. Nor does the affidavit state how the informer obtained the information, but simply says "on personal knowledge." How and when did he obtain such personal knowledge? The affidavit is silent on this point, and is insufficient in such respect. See *Burns v. State,* 119 Ga. App. 678 (2) (168 SE2d 786).

The affidavit also recites that certain known violators and certain vehicles owned by known violators were observed on the premises for several days prior to date of issuance of the warrant. This, standing alone, is not enough to furnish the basis for issuing a search warrant. *But, more important, this information was also furnished by the same informant, whose reliability was not vouched for, and is therefore not entitled to consideration.* The only fact in the entire affidavit that was not supplied by this informant appears to be the description and location of the premises. Of course, such an affidavit is fatally defective as the basis for a search

warrant. See *Terry v. State,* 123 Ga. App. 746 (182 SE2d 513); *Sams v. State,* 121 Ga. App. 46, 48, supra.

Attention has been called to the recent case of United States v. Harris, 403 U. S. 573 (91 SC 2075, 30 LE2d 25), but that case does not alter our holding as above set forth. It is readily distinguishable from the case sub judice in that the informant in that case gave a detailed account of how he obtained his information, his reliability was vouched for, and the affiant recited the specific reasons for feeling that such informant was reliable. Of course, that is exactly the opposite from the situation in the case sub judice.

The lower court erred in overruling the motion to suppress the evidence obtained through the use of an illegal search warrant. As the case may be tried again, without the use of such evidence, there is no valid reason for considering the other specifications of error, which may not occur in the event of another trial.

*Judgments reversed. Bell, C. J., and Eberhardt, J., concur.*