## 48073. TOMBLIN et al. v. THE STATE.

Hall, Presiding Judge. Defendants jointly appeal from the denial of their motions to suppress certain evidence alleged to have been seized under an invalid warrant. The defendants were indicted in three counts for illegal possession of hashish, LSD and librium.

The search warrant was issued and executed on October 27, 1971. The detective's affidavit contains all the pertinent information duplicated elsewhere in the warrant; and as its sufficiency is the chief issue on this appeal we shall quote the whole of it. "A reliable informer which has been used numerous times in the past and has proven to be a very reliable person stated to Robert J. Allen at 8:00 p.m. on the 10-27-71 that Heroin, Marijuana, and Mescaline was being stored, kept, sold, and used in the Colonial Terr. Apts. this particular apt. being 8-B where the Heroin, Marijuana, and Mescaline are being kept, stored, sold and used. The informer was last in this apt. in the early morning hours of the 10-26-71 and saw Heroin, Marijuana, and Mescaline being stored, kept, sold, and used. I (Robert J. Allen) personally know this informer and have known him for a number of years and his reliability is very reliable. The occupants of this 8-B apt. located at Colonial Terr. are believed to be two white females which are believed to be 18 years of age. Heroin, Marijuana, and Mescaline are considered to be Narcotics and Dangerous Drugs controlled under the Georgia Drug Abuse Act 79-A, and Uniform Narcotics Act which are instrumentalities of the crime in Macon, Ga."

1. The defendants contend the reliability of the informer is insufficiently shown—that there are no facts showing how, for what purpose, or with what result, this informer was used in the past which would prove his reliability. We believe that while this portion of the affidavit could have been set out much better, it is capable of logical interpretation which would satisfy the requirements. For example, it makes common sense that the "reliable *informer*" was "used numerous times in the past" as an informer; not, as defendants contend, in some other purely personal capacity. It is also clearly inferable that information he had

furnished in the past had been valuable, or he would not have been used numerous times. Reliability may be shown by a past history in similar matters. *Marshall v. State,* 113 Ga. App. 143 (147 SE2d 666); *Steele v. State,* 118 Ga. App. 433 (164 SE2d 255). Therefore, while a recital that his information had led to certain arrests, convictions, etc. would be desirable, we do not believe it is essential to show reliability. For what appears to be a liberalizing of the requirements for showing reliability, see United States v. Harris, 403 U. S. 573, 577 (91 SC 2075, 29 LE2d 723).

2. Defendants contend the affidavit is insufficient because it does not describe the criminal activity in sufficient detail so as to exclude mere rumor or suspicion. This is not a necessary requirement when the affidavit specifically states how the informer obtained the information. Detailed description is only necessary when the informer's means of knowledge is not stated. See Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473). Here, it is stated that the informer was personally in the apartment and saw the drugs being sold and used. That is as succinct a statement of how an informer obtained information as we have seen.

3. Defendants contend the information was stale at the time the warrant issued (36 hours after the informer was in the apartment) and was therefore insufficient to provide probable cause. The cases cited by the defendants concern either a warrant in which *no* specific time was stated, making impossible a determination that probable cause presently existed, or situations where the lapse was so lengthy that the information was patently stale. The determination of what time lapse is permissible depends on several factors, including the nature of the crime. There is no rule of thumb even for the cases dealing specifically

with narcotics; and we have discovered no case in that category which deals with a time span of less than four days. See Ann. 100 ALR2d 525, §§ 6 and 7. We believe, however, that under the circumstances here, the 36 hour lapse did not render the information stale.

4. Defendants further contend that the discrepancies between the facts alleged in the affidavit (storage [possession] and sale of heroin, marijuana and mescaline) and the true state of affairs upon execution (only small amounts of hashish, LSD and librium) go to the integrity of the affidavit and destroy the probable cause. They cite *Miller v. State,* 126 Ga. App. 847 (191 SE2d 883) which in turn cited Rugendorf v. United States, 376 U. S. 528 (84 SC 825, 11 LE2d 887). We believe the *Miller* case is distinguishable by the large number of discrepancies there. The nature of the dwelling; the names, and perhaps existence, of the alleged tenants; and the amount, location and types of drugs, etc. were all different from the facts alleged in the indictment. Here, the only discrepancy is in the type of two of the three drugs. (Marijuana and hashish are both products of Cannabis sativa L. and the Drug Abuse Act defines "marijuana" as all derivatives of that plant. Code Ann. § 79A-903 (5)). This discrepancy alone does not destroy the very integrity of the affidavit.

5. Finally, defendants contend that the location of the place to be searched was inadequately described, causing the executing officer to depend upon his own discretion to find it. They contend that only a proper street address would suffice, citing *Jones v. State,* 126 Ga. App. 841 (192 SE2d 171). That case does not support their contention. It held that the bare street address of a multiple dwelling is an insufficient description of a particular unit. Here there is an exact apartment number in a stated apartment complex. Defendants do not contend nor have they shown there is another

complex named Colonial Terrace Apartments in Macon. An executing officer would not have to use "discretion" to locate it; he would only need to determine where it is in the same way he might need to refer to a map to locate a given street address. The contention is without merit.

*Judgment affirmed. Evans and Clark, JJ., concur.*
SUBMITTED APRIL 5, 1973 — DECIDED APRIL 18, 1973.

*Nixon & Nixon, Jon A. Nixon, Nunn, Geiger, Rampey, Buice & Harrington, D. L. Rampey, Jr.,* for appellants.
*Walker P. Johnson, Jr., District Attorney, W. Donald Thompson, Thomas H. Hinson,* for appellee.