## 48121. DAVIS v. THE STATE.

DEEN, Judge. 1. On a motion to suppress evidence based on the alleged inadequacy of the affidavit pursuant to which the warrant issued and certain proscribed drugs were seized, we hold without hesitation that the statement by the affiant prosecutor that he had been told by a reliable unidentified source that that

source had been told by a friend that the defendant regularly kept marijuana in her room is entitled to no credence whatever, and will be ignored in determining the sufficiency of the affidavit. Nor is anything added by the statement: "The information given to the source by its friend seems truthful because (1) the information was passed between friends; (2) the friend, in giving this information to the source, had no reason to believe it would be repeated to law enforcement officers." These reasons are not valid in themselves and offer no scintilla of verisimilitude in the face of a double hearsay objection.

2. An affidavit subscribed on a Friday stating that the affiant's source had within five days prior thereto overheard the defendant state that "she was using cocaine in her room and had made plans to continue this use over this upcoming weekend in her room" is sufficiently definite and contemporaneous to supply probable cause for the issuance of the warrant, where the context of the affidavit indicates that a room connected with a local university is intended and an independent check establishes that the defendant does in fact occupy a particular dormitory room at such university.

3. It is further contended, citing Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), that the informer's reliability must be shown by sufficient factual detail, and this is particularly necessary where his identity is undivulged. In Spinelli, supra, it is pointed out that, although the magistrate in passing on the sufficiency of the affidavit to show probable cause considers the totality of circumstances, when the affidavit is based on information received from an informer there must be sufficient factual information (1) to indicate the reliability of the informer and (2) facts and underlying circumstances causing the informer to form the conclusion reached sufficient for that purpose, or, of course, independent investigation by police officers may reveal enough corroborative material to shore up the insufficiencies resulting from lack of information concerning the informer's reliability or the basis for his conclusions. We have no hesitancy in holding that information, if believable, that the defendant herself stated she intended having and using drugs in her room during the coming weekend would constitute probable cause for believing they would be there at the time and place specified.

May one act on the information of an informer as to whom the magic phrase "has given reliable information in the past" cannot be applied? An answer to the question is reached in United States

v. Harris, 403 U. S. 573, 581 (91 SC 2075, 29 LE2d 723), where it is stated the court has never suggested that an averment of previous reliability is essential, the question being whether the informant's *present* information is truthful and reliable. In Harris the affiant's statement that he feared for his life should his identity be revealed, that he was a prudent person, and that in giving the information he confessed to his own unlawful activity, were sufficient where combined with other corroborative information known directly to the police. The affiant here characterizes the informant, although not one from whom he had obtained previous information, as a person "with no known criminal record, a mature person, regularly employed, a college student in good standing [who] demonstrated truthful demeanor . . . and the detail stated indicated personal knowledge." The affiant thus formed his opinion from the demeanor and reputation of and intrinsic corroborative detail furnished by the informer. We find it sufficient to meet constitutional standards.

The trial court did not err in overruling the motion to suppress evidence found as a result of the search.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

Argued April 30, 1973 — Decided May 30, 1973.

*Denny C. Galis,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, David MacDougald, III,* for appellee.