## 48158. CURRINGTON v. THE STATE.

EVANS, Judge. The defendant was indicted for possession of dangerous drugs. He filed a motion to suppress certain evidence obtained by search of the defendant's house which allegedly violated the 4th and 14th Amendments of the Constitution of the United States. After a hearing, the same was denied, and defendant appeals. *Held:*

The sole contention of the defendant is that the search warrant is defective in that the deponent therein had received information from a confidential informant who has proved reliable in the past with information which led to the arrest of only one person; and that this information is insufficient for the magistrate to conclude that the informer was credible and reliable. He cites no authorities which support his position on this point. The affidavit

here recites the informant had seen marijuana being sold on the premises within the past 24 hours.

The case of *Patterson v. State,* 124 Ga. App. 465 (184 SE2d 228), cited by defendant, is not in point or in any way applicable to the information furnished in the search warrant here. He also cites *Sams v. State,* 121 Ga. App. 46, 47 (172 SE2d 473), which case refers to reliability in the past as to "gambling and lottery information" which might or might not have been on more than one occasion. No authority is cited which holds that the reliable information must lead to arrest or conviction. It is sufficient if it be reliable and credible. *Johnson v. State,* 121 Ga. App. 477, 478 (174 SE2d 246), cited by defendant does not support his position, for the facts there show the informant's previous reliability to be based on only one occasion in which the unidentified informant purchased illegal beer. In *Clyatt v. State,* 126 Ga. App. 779 (192 SE2d 417), also cited by defendant, it is not shown whether the alleged reliable information furnished by the informer was premised on his reliability on only one occasion, or more than one occasion. That case does not hold that the reliable informer's other information must lead to arrest or conviction in order for the magistrate to make an independent determination of reliability.

The tests of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637), have been met; and there is no merit in the contention of the defendant that the affidavit on which the search warrant was issued was insufficient for the magistrate to make an independent judgment as to whether or not the affidavit gives reasons for the informer's reliability. It specifically stated how the information or "tip" was obtained to insure the magistrate that it was not mere casual rumor circulating in the underworld and was not based merely on the individual's general reputation. See *Buck v. State,* 127 Ga. App. 72 (2) (192 SE2d 432).

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

SUBMITTED MAY 7, 1973 — DECIDED MAY 30, 1973.

*Dan S. Beeland,* for appellant.

*E. Mullins Whisnant, District Attorney, Douglas C. Pullen,* for appellee.