## 49469. MORELAND v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted, tried and convicted of offenses involving violations of the Georgia Drug Abuse Control Act and was sentenced to two years. He appeals to this court enumerating error on the overruling of his motion to suppress certain evidence seized under two search warrants, and on the failure of the court to charge certain legal principles. The hearing on the motion to suppress was conducted under a stipulation that the affidavits and search warrants were the only evidence to be considered. The affidavits, so far as here material were respectively as follows: "Information received from a confidential and reliable informer stated at 8:45 p. m.

Sept. 5th, that there is now being concealed on David Moreland and at 326 Brookwood Ave. Jackson, Ga., Marijuana and/or other Illegal drugs." and "Information received from a confidential and reliable informer stated that there is now being concealed on David Moreland and/or in Simca station wagon, cream in color, tag number, Marijuana and/or other illegal drugs." *Held:*

The affidavits fail (1) to give reasons for the informant's reliability, and (2) to either state how the informer obtained the information or that the tip described the criminal activity in such detail that the magistrate may know it is more than a "casual rumor circulating in the underworld, or an accusation based merely on an individual's general reputation." See *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698), following and citing *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473); *Johnson v. State,* 111 Ga. App. 298 (141 SE2d 574) and Spinelli v. United States., 393 U. S. 410 (89 SC 584, 21 LE2d 637). We must, accordingly, hold that the trial judge erred in overruling the motion to suppress. The case being reversed for these reasons, and the only evidence of defendant's guilt being the evidence illegally seized, it becomes unnecessary to pass upon the enumeration of error on the charge of the court.

*Judgment reversed. Quillian and Webb, JJ., concur.*

ARGUED JULY 8, 1974 — DECIDED JULY 16, 1974.

*Ham, Mills & Freeman, W. Franklin Freeman, Jr.,* for appellant.

*Edward E. McGarity, District Attorney,* for appellee.