## 50892. SMITH v. THE STATE.

CLARK, Judge.

On November 5, 1974 a police officer went before a justice of the peace to obtain a search warrant. His affidavit stated that he had been contacted by a reliable confidential informant who had given information on two prior occasions which led to three arrests and recovery of drugs. This informant, referred to as Source A, had spoken to another person — Source B, within seven days prior to November 1, 1974. Source A had known Source B for over two years and they had purchased, possessed and sold drugs together "on a partnership basis." Source A stated that Source B regularly bought drugs from the defendant and he had been with Source B when he (B) bought drugs from the defendant. Source B informed Source A, within seven days prior to November 1, 1974, defendant had spoken to him by telephone and said he had a quantity of cocaine at his premises. Source B did not know that Source A would give this information to a law enforcement officer. The affiant had previously interviewed other "sources" who stated they had bought or seen drugs at defendant's home. Police records revealed defendant had been arrested for sale of one drug and possession of marijuana. The warrant issued and the ensuing search on November 5, 1974 resulted in confiscation of marijuana,

codeine, phencyclidine, nontax-paid alcohol, and a sawed-off shotgun. Defendant's motion to suppress was overruled. He appeals. *Held:*

The affiant's recitation in the affidavit of the confidential informant's information was hearsay. Hearsay may support the issuance of a valid warrant if the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions and his belief that the informant was credible or his information reliable. United States v. Ventresca, 380 U. S. 102, 108 (1965); *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698). There must be a substantial basis for crediting such hearsay. Jones v. United States, 362 U. S. 257 (1960).

Strict application of the "two-prong" test of Aguilar, that the magistrate be informed — (1) "of some of the underlying circumstances from which the informant concludes that contraband, such as narcotics, is where he claims it is," and (2) "some of the underlying circumstances from which the officer concludes that the informant, whose identity need not be disclosed, is credible or his information reliable" would appear to require that an affiant vouch for the credibility of Source B, or the reliability of his information. Aguilar v. Texas, 378 U. S. 108 (1964). However, in United States v. Harris, 403 U. S. 573 (1971), the Supreme Court held that an averment of the informant's previous reliability is unnecessary, as "the inquiry is, as it always must be in determining probable cause, whether the informant's present information is truthful or reliable." See *Meneghan v. State,* 132 Ga. App. 380 (208 SE2d 150); *Davis v. State,* 129 Ga. App. 158 (198 SE2d 913). Compare: *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473); *Brown v. State,* 130 Ga. App. 11 (202 SE2d 268). Chief Justice Burger, in Harris, stated that, "[i]n determining what quantum of information is necessary to support a belief that an unidentified informant's information is truthful, Jones v. United States, supra, is a suitable benchmark." P. 580. Jones v. United States, 362 U. S. 257 (1960), held that observations of an informant, although hearsay, are sufficient to establish probable cause "so long as a substantial basis for crediting the hearsay is presented. . ."

We do not find the sufficiency of this affidavit to be curtailed by the "hearsay on hearsay" character of some of the information contained therein. We are not aware of a specific objection to "hearsay on hearsay," in the issuance of a warrant, but in United States v. Roth, 391 F2d 507, 511 (7th Cir. 1967), the court addressed the issue of "inherently defective hearsay on hearsay" as that "as to which there is absent any indication of the reliability of the anonymous hearsay source." In the affidavit under review here, the anonymous source was shown to have been a "partner" in the drug dealing business with the known and reliable informant of the affiant and had "regularly bought drugs" from the defendant—which was confirmed by personal observation of the known reliable informer. Thus, it is understandable, reasonable, and probable, that the defendant would notify one of his regular purchasers of his possession of cocaine — presumably for purpose of sale. The Federal Third Circuit Court affirmed United States v. Carney, 328 F Supp. 948 (Del. 1971) in which "double hearsay" was used to support issuance of a warrant, with the comment that neither Spinelli (393 U. S. 410 (1969)) nor Roth, supra, condemned "double hearsay" in a context where the reason for the reliability of the original source was contained in the affidavit. United States v. Carney, 455 F2d 925 (3d Cir. 1972). Our holding comports with these decisions.

Accordingly, although we have no affiant to vouch for the credibility of the confidential informant's confidential informant this would not deter us, provided we were convinced there was a substantial basis for crediting the hearsay, together with the affiant's reasons for his conclusion as to the credibility of Source A, or the affiant's basis for his belief that the information from Source A was reliable. Cf. Davis v. State, 129 Ga. App. 158 (198 SE2d 913).

Source A's declarations against his own penal interest furnished additional reason for crediting his information and supporting the finding of the probable cause. United States v. Harris, 403 U. S. 573, supra. The description of the overall criminal activity of both informants with the defendant could have been sufficient

to convince the justice of the peace that he was relying on something more than a casual rumor circulating in the underworld or an accusation based merely on the individual's general reputation. Spinelli v. United States, 393 U. S. 410, supra; *Jackson v. State,* 130 Ga. App. 6 (202 SE2d 206).

In a doubtful or marginal case, a search under a warrant may be sustainable where without a warrant it would fall. United States v. Ventresca, 380 U. S. 102, 106, supra. Even though this affidavit is based principally upon "hearsay on hearsay" it meets minimal qualifications for sufficiency of hearsay of an informant to support issuance of a valid warrant when: (1) the affiant gave the underlying circumstances supporting his conclusions, and his belief that the informant (Source A) was credible; (2) the affiant gave the basis for his determination that his informant's information was reliable; (3) the underlying circumstances of Source A's determination of reliability of information from Source B was contained therein; and (4) the underlying circumstances from which both informants concluded the contraband was where they said it would be.

A fair reading of the entire affidavit reveals that there was substantial basis for crediting the hearsay and for the justice of the peace to conclude the contraband was probably where the informant said it was (Rugendorf v. United States, 376 U. S. 528 (1964)), particularly when the informant's information is reasonably corroborated by other information within the affiant's knowledge. Jones v. United States, 362 U. S. 257, supra.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JUNE 26, 1975 — DECIDED SEPTEMBER 3, 1975.
REHEARING DENIED OCTOBER 3, 1975 —

*Hudson & Montgomery, Jim Hudson,* for appellant.
*Nat Hancock, District Attorney,* for appellee.