## 51583. ALLEN v. THE STATE.

CLARK, Judge.

This is an appeal from a conviction for the offense of aggravated assault in that defendant shot and wounded his former wife.

1. Defendant enumerates error upon the trial court's refusal to grant his motion for a directed verdict of acquittal. The state's evidence showed that defendant forcibly broke into the victim's bedroom. The victim, who had been previously threatened at gunpoint by the defendant, fired her pistol in defendant's direction in an

attempt to prevent his entry and wounded him. When the victim had spent all the bullets in her gun, the defendant entered the bedroom and shot his ex-wife four times.

"Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311)." *Davis v. State,* 234 Ga. 730, 732 (218 SE2d 20). It is clear from the evidence presented that a verdict of acquittal was not demanded. Accordingly, the trial judge did not err in refusing to grant defendant's motion for directed verdict.

2. Defendant enumerates as error the admission of the victim's testimony concerning prior threats against her by the defendant. The trial judge correctly allowed this testimony to show the intent, motive and bent of mind of the defendant, as well as the reasonable apprehension of the victim. See *Davis v. State,* 233 Ga. 638, 639 (212 SE2d 814), and citations contained therein.

3. In two enumerations defendant asserts that the trial judge improperly limited the scope of defense counsel's cross examination of the victim and improperly excluded certain portions of the defendant's testimony. Contrary to defendant's contentions, the trial transcript shows that defense counsel was given great latitude in the examination of both witnesses. In the few instances where the trial judge did limit defense counsel's examination, the questions were clearly irrelevant. "The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. [Cits.]" *Sheffield v. State,* 124 Ga. App. 295, 296 (183 SE2d 525). See also *Eades v. State,* 232 Ga. 735, 737 (2) (208 SE2d 791). There was no abuse of discretion in the manner in which the trial judge exercised his control of the trial proceedings.

4. It is further contended that the trial court erred in permitting the district attorney to badger the defendant during cross examination. We find no merit in this complaint. "The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it is shown there has been

an abuse of that discretion. No such abuse is disclosed by this record. [Cits.]" *Davis v. State,* 230 Ga. 902, 904 (3) (199 SE2d 779).

5. Defendant contends the trial court's instruction on the substantive offense of aggravated assault was erroneous "in that the Court did not go further and instruct the jury that a person would be justified in defending his own life." (Brief of appellant, at p. 9). "Under repeated rulings of this court, an otherwise correct and pertinent instruction is not rendered erroneous by the failure to charge in connection therewith some other correct and pertinent principle of law. [Cits.]" *Hart v. State,* 227 Ga. 171, 174 (179 SE2d 346). The jury was properly instructed on the law of justification and no error appears.

6. Defendant asserts that the trial court's charge on flight was not warranted by the evidence. Although defendant testified that his departure from the house was prompted by assaults from friends of the victim, the state's evidence tended contrariwise to show that defendant fled from the scene of the crime. A factual issue of flight was thus raised by the evidence and the charge of the court was both appropriate and legally sound. See *Lewis v. State,* 200 Ga. 388 (37 SE2d 405).

7. Defendant also contends the trial judge's instruction on reasonable doubt expressed an opinion as to defendant's guilt. The judge had charged that if the jury found that a reasonable doubt did not exist, "you should convict the defendant in this case." The previous sentence, however, states that "you should acquit the defendant" if a reasonable doubt as to his guilt is entertained. It is clear the instruction was proper and not an expression of opinion. See *Crowder v. State,* 233 Ga. 789, 792 (10) (213 SE2d 620).

8. There is no merit to appellant's contention that the trial judge abused his discretion in refusing to grant defendant's petition for a supersedeas bond. "The granting or refusing of bail in felony cases after indictment and conviction is a matter within the sound discretion of the trial court, and this court will not control that discretion unless it has been flagrantly abused. [Cits.]" *Watts v. Grimes,* 224 Ga. 227 (161 SE2d

286).

9. Defendant has shown no abuse of discretion in the refusal of the trial judge to treat him as a first offender nor in the imposition of a sentence of three years which is within the statutory limits of the offense.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JANUARY 12, 1976 — DECIDED JANUARY 19, 1976.

*Grace W. Thomas,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.