## 52728. BLACK v. THE STATE.

MARSHALL, Judge.

Appellant was convicted of possession of nontax-paid liquor. He was sentenced to a fine of $750 and placed on probation for twelve months. The only error enumerated is the ruling of the trial court denying appellant's motion to suppress the evidence seized during an alleged illegal search of appellant's home. *Held:*

The affidavit supporting the search warrant contains the following: "Information was received by officer on January 2, 1976, from an informer whose information in the past has been reliable in the past, that the above listed marijuana, drugs and illegal whiskey was at the above address for the purpose of resale."

At the hearing of the motion to suppress, the following additional information was adduced by the state: "On that date, we received information from a reliable source, whose information in the past has been true and convictions made, that Mr. Bobby Black had in his possession at home non taxpaid whiskey and marijuana." The officer further stated that he had talked personally to the informer that day and reaffirmed that the informer had given reliable information that had resulted in convictions. The magistrate who issued the search warrant was not called to testify.

The evidence of probable cause is insufficient to support the warrant. The affidavit fails to show how the informer obtained the information; whether the information was based upon the informer's personal knowledge or observation; when the informer obtained the information; that the tip describing the criminal activity was sufficiently detailed so that the magistrate might know it was more than a casual rumor circulating in the underworld, or an accusation based merely on an individual's general reputation. *Moreland v. State,* 132 Ga. App. 420 (208 SE2d 193); *Cain v. State,* 128 Ga. App. 146, 147 (195 SE2d 797); *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698).

While the evidence offered in support of the search warrant in this case supports the requirement that the reliability of the informer be established, it fails utterly to

show by what means the informer obtained the information or the reliability of that information. Such failure renders the search unreasonable as not being based upon an adequate showing of probable cause. Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); Sams v. State, 121 Ga. App. 46, 48 (172 SE2d 473); Johnson v. State, 111 Ga. App. 298 (141 SE2d 574).

*Judgment reversed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1976 — DECIDED SEPTEMBER 17, 1976.

*John McGuigan,* for appellant.
*William F. Grant, Solicitor,* for appellee.