## 52996. THE STATE v. MABREY.

SUBMITTED NOVEMBER 2, 1976 — DECIDED NOVEMBER 12, 1976—
REHEARING DENIED NOVEMBER 30, 1976 — ■■■■■■■

*Bryant Huff, District Attorney, Dawson Jackson, Richard T. Winegarden, Assistant District Attorneys,* for appellant.

*Gene Reeves,* for appellee.

DEEN, Presiding Judge.

When a search warrant issues on the basis of information furnished by an unidentified informant it must include underlying circumstances from which the agent concluded that the informant was credible or his information reliable. Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723). Past reliability is important in evaluating present credibility, though it is always present reliability which is at issue when a search warrant is being sought. *Smith v. State,* 136 Ga. App. 17, 18 (220 SE2d 11). Without question, an informant without an established past reliability may be used to furnish information leading to the issuance of a valid search warrant if the officer making the affidavit satisfies the Aguilar requirement of supplying to the magistrate

the underlying circumstances from which the credibility of the information was determined. Concededly, the affidavit in this case does not set forth these "underlying circumstances" in specific; there is also no claim that this informant had ever been used before. The state relies however on language in United States v. Harris, 403 U. S. 573 (91 SC 2075, 29 LE2d 723), a plurality decision, to support its argument that the informant's admission of his own criminality is implicit, though not explicit, evidence of the underlying reliability or trustworthiness of his information.

We have studied the *Harris* case carefully and are constrained to note several substantial and, we believe, determinative distinguishing facts between that decision and the case here. First, in *Harris* the informant related information relative to criminal activity of the defendant (i.e., selling of illicit whiskey); here however, the informant never states that he dealt with, spoke to or acted at the behest of the appellant but rather that he (the informant) placed certain items he (the informant) knew to be stolen in the appellant's truck and in the appellant's home. This statement is an admission of the informant of his own criminality under Code Ann. § 26-1806 but at best on its face is no more than a casual rumor of the appellant's criminality. Second, the unidentified informant in *Harris* was "almost certainly" known to the police (as evidenced by the affiant's statement that he had "interviewed" the informant, found him to be "prudent" and taken a "sworn verbal" statement) and thus his admission of criminality was undoubtedly against his penal interest (leading to possible "residual risk and opprobrium") leading to the conclusion of trustworthiness because he could be arrested and charged; here however, the officer does not relate whether the informant's name or identity was known to him or was completely anonymous as well as "confidential." We fail to see how there can be even an implicit showing of reliability in anonymous admissions of criminality. Third, the affidavit in *Harris* was supplemented by the officer's personal knowledge of the suspect's reputation corroborative of the informant's information as to the suspect's criminal activity; here however the officer's

"corroboration" went not to descriptive details of the appellant's criminal activity but rather to the mere description of a suspect. *Mitchell v. State,* 136 Ga. App. 2, 4 (220 SE2d 34).

The burden of proving that the search and seizure were lawful is on the state. Code Ann. § 27-313 (b). The state having failed to show the underlying reasons for the reliability of its "confidential" informant, this burden has not been met. *Miller v. State,* 126 Ga. App. 847 (191 SE2d 883).

*Judgment affirmed. Smith, J., concurs. Webb, J., concurs in the judgment only.*