## 54057. WILLIAMS v. THE STATE.

McMurray, Judge.

Defendant was convicted of theft by extortion and sentenced to serve 10 years on probation. Defendant appeals. *Held:*

1. The motion to suppress is based upon the illegality of the search warrant because there was insufficient probable cause to issue same in violation of the Fourth Amendment rights of defendants (only one of the defendants here appeals). No copy of the search warrant was attached to the motion to suppress, and the hearing was conducted during the trial. A copy of the search warrant was considered by the court which was state's Exhibit No. 7. However, the state did not introduce it in evidence during the main trial, and it is not now before this court as a part of the transcript. Defendant contends there was no showing of probable cause since no copy of the warrant is in the record for the court's consideration. However, defendant's Exhibit No. 1 which is in the record is the affidavit upon which the warrant was based and it, as well as the testimony, shows probable cause for the issuance of the search warrant. The affidavit was not based upon information furnished by an informant requiring reasons for the informant's reliability, but was based upon the information furnished by the victim and principal witness against the defendants. Accordingly, such cases as Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637); *Sams v. State,* 121 Ga. App. 46 (172 SE2d 473); and *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698) are not applicable. The court did not err in denying the motion to suppress the evidence seized during the search at the

defendant's apartment where the alleged extortion took place.

2. The main thrust of defendant's enumerations of error as to the sufficiency of the evidence to support the verdict and error in the denial of defendant's motion for directed verdict is that the alleged extortion in which defendant and others allegedly unlawfully obtained money from the victim failed to disclose any evidence showing that they threatened to disseminate any information tending to subject any person to hatred, contempt or ridicule. The victim (a married man) testified that pictures were obtained of him partially disrobed in a compromising position with the defendant who was wearing a nightgown and lying on a bed. The victim also testified to the fact that he was approached first to pay $5,000 to get the pictures and negative by a male voice on the telephone, again by the co-defendant (not the appellant herein) who offered to get them for $2,000, and finally he paid $500 for one picture and the negative. On this occasion the co-defendant was arrested. The evidence was circumstantial in nature that money was extorted from the victim for the purpose of preventing him being held up to ridicule by the dissemination of the same even though an actual threat to disseminate them was not made. The threat to disseminate them was implicit in the demand for money under these circumstances. This defendant never asked him for money or contended that she would disseminate any pictures, nevertheless her co-defendant was her roommate, and the evidence is circumstantial in nature to connect her with the crime, particularly as she was the partially disrobed female with whom the victim was required to lie down on the bed and get his picture taken in a compromising position. The court did not err in denying the motion for directed verdict as there was evidence to support the verdict. See *Cohran v. State,* 141 Ga. App. 4 (1) (232 SE2d 355).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED MAY 23, 1977 — DECIDED SEPTEMBER 7, 1977.

*Wynn Pelham,* for appellant.

*Bryant Huff, District Attorney, Dawson Jackson, William P. Rowe, III, P. Samuel Huff, Assistant District Attorneys,* for appellee.