## 55628. GALGANO v. THE STATE.

Banke, Judge.

The defendant appeals his conviction for possession of hashish and cocaine in violation of the Georgia Controlled Substances Act. He contends that a search warrant obtained by the police authorizing a search of his premises was invalid because it was based upon

information provided by a confidential informant whose reliability was not properly demonstrated.

The affidavit in support of the warrant stated the informant had personally observed "a quantity of marijuana" inside the defendant's premises. This information had not been given directly to the affiant, but had been relayed through a second police officer. With regard to the informant's credibility, the affidavit stated: "This source is believed to be reliable for the following reasons. (1) It confessed to the participation in several recent crimes which a person will not normally do unless telling the truth. (2) It has given information to law enforcement officers in the past which was proven true when checked. (3) It demonstrated a truthful demeanor while relating information to the above peace officer. (4) It sincerely affirmed itself to assist affiant in curbing the illicit drug flow in Georgia." *Held:*

"Hearsay may support the issuance of a valid warrant if the magistrate is informed of some of the underlying circumstances supporting the affiant's conclusions and his belief that the informant was credible or his information reliable. United States v. Ventresca, 380 U. S. 102, 108 (1965); *Grebe v. State,* 125 Ga. App. 873 (189 SE2d 698). There must be a substantial basis for crediting such hearsay. Jones v. United States, 362 U. S. 257 (1960)." *Smith v. State,* 136 Ga. App. 17, 18 (220 SE2d 11) (1975). See also *Burns v. State,* 119 Ga. App. 678 (2) (168 SE2d 786) (1969).

In the case before us, there were no underlying facts or circumstances brought to the attention of the magistrate which would tend to corroborate the *information* provided by the confidential informant. Thus, the sufficiency of the affidavit must depend entirely on whether there is a substantial basis for believing the informant *himself* to be reliable or trustworthy.

We do not find any of the four reasons offered, considered either separately or in conjunction with each other, to be sufficient. The first, that the informant confessed to participation in recent criminal activity, would tend to lessen his personal credibility rather than to enhance it. While it is true that *information* provided by an informant may be deemed inherently credible where it

goes against his own penal interest (see United States v. Harris, 403 U. S. 573, 583-584 (91 SC 2075, 29 LE2d 723) (1971), and *Smith v. State,* 136 Ga. App. 17, supra), there is no connection in this case between the information provided by the informant and the prior criminal activity to which he confessed. Under these circumstances, the informant's past criminal involvement damages rather than supports his credibility.

The third reason offered, that the affiant exhibited a truthful demeanor, is one which is more appropriately employed where the informant is an upright, law-abiding citizen. See, e. g., *Davis v. State,* 129 Ga. App. 158 (3) (198 SE2d 913) (1974). We are particularly unpersuaded by this reason since the affiant in this case did not speak with or observe the informant himself but received the information from a second police officer. The fourth stated reason, i.e., the informant's sincere wish to stop the drug traffic in Georgia, also adds no support to his believability. Indeed, when considered alongside his admission to "participation in several recent crimes," it tends, if anything, to cast doubt on it.

Unlike the other three reasons offered in the affidavit, the statement that the informant had provided information in the past which had proven to be correct does provide some ground for believing him. However, standing alone and unaccompanied by any specifics as to the type of information provided, the use to which it was put, or the length of time which had elapsed since the information was furnished, the statement amounts to nothing more than a mechanical recital of past reliability. The law requires more than this. It requires that the magistrate be furnished with *"particular facts or circumstances* which justify concluding that the informant is a reliable or trustworthy person. . ." United States v. Tucker, 526 F2d 279 (5th Cir. 1976). (Emphasis supplied.) See Aguilar v. Texas, 378 U. S. 108, 114 (84 SC 1509, 12 LE2d 723) (1964); United States v. Ventresca, 380 U. S. 102, 108 (85 SC 741, 13 LE2d 684) (1965); *State v. Mabrey,* 140 Ga. App. 577 (231 SE2d 461) (1976). Accord, United States v. Watts, 540 F2d 1093 (D. C. Cir., 1976).

In some cases, the information provided by a

confidential informant may be deemed inherently reliable as an admission against penal interest or the information may be corroborated by other information known to the affiant, thus rendering unnecessary a specific factual basis for believing the informant to be personally reliable. See, e.g., Jones v. United States, 362 U. S. 257, supra; United States v. Harris, 403 U. S. 573, supra; *Smith v. State,* 136 Ga. App. 17, supra. However, where, as here, the information is not otherwise shown to be reliable, it is of crucial importance to provide a factual basis for believing the informant himself. While it is not required that a confidential informant's personal identity be compromised, something more is needed than a bald assertion of past reliability. See, e.g., McCray v. Illinois, 386 U. S. 300 (87 SC 1056, 18 LE2d 62) (1967) (informant had provided information to affiant 15 or 16 times within the past year, resulting in numerous arrests and convictions); *Clyatt v. State,* 126 Ga. App. 779 (1), 781 (192 SE2d 417) (1972) ("within the past 90 days the informant had furnished information which resulted in the arrest of one person and the recovery of various illegal drugs"); *Tomblin v. State,* 128 Ga. App. 823 (1) (198 SE2d 366) (1973) (informant used "numerous times" in past and personally known to affiant for several years). Otherwise the police would be enabled to obtain search warrants to enter private homes on the basis of assertions so vague and conclusory that they could never be challenged. Cf. Franks v. Delaware, — U. S. — (57 LE2d 667) (1978) (holding that a defendant has a right to challenge the factual assertions in a search warrant upon a preliminary showing that they are untrue).

In summary, we find that the language used in the affidavit to establish the informant's reliability and trustworthiness is insufficient because of the absence of any specific underlying factual support. In the absence of any other indication that his information was reliable, we hold that the affidavit did not establish probable cause for a belief that contraband was present at the defendant's residence and that it was consequently error to deny the motion to suppress.

*Judgment reversed. Bell, C. J., Quillian, P. J., Webb, Smith, Shulman and Birdsong, JJ., concur. Deen, P. J.,*

*and McMurray, J., dissent.*

ARGUED APRIL 3, 1978 — DECIDED SEPTEMBER 25, 1978.

*Galis, Timmons, Andrews & Head, John W. Timmons, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, dissenting.

The statement that the informant had provided reliable information to police in the past was in my opinion sufficient to support a finding that he was credible. This is true despite the fact that such information may not have led to arrests or convictions in the past. *Tomblin v. State,* 128 Ga. App. 823 (1) (198 SE2d 366) (1973); *Currington v. State,* 129 Ga. App. 161, 162 (199 SE2d 268) (1973). Accord, Jones v. United States, 362 U. S. 257, 268 (80 SC 725, 4 LE2d 697) (1960); *Clyatt v. State,* 126 Ga. App. 779 (1) (192 SE2d 417) (1972). Accordingly, the magistrate had a "substantial basis" for crediting the hearsay information in the affidavit to the effect that the defendant had been observed keeping contraband at his residence. See generally Jones v. United States, 362 U. S. 257, supra, at 269; United States v. Harris, 403 U. S. 573, 583-584 (91 SC 2075, 29 LE2d 723) (1971); *Smith v. State,* 136 Ga. App. 17, 18 (220 SE2d 11) (1975).

I am authorized to state that Judge McMurray joins in this dissent.