## 58440. HUFF v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction of possession of (1-phenycyclohexyl) ethylamine in violation of the Georgia Controlled Substances Act and enumerates as error the denial of his motion to suppress evidence seized pursuant to a search and his conviction based on insufficient evidence of possession. *Held:*

1. The search was based on a warrant which was issued on the basis of information provided to a police detective by a confidential informant. Appellant contends that the affidavit supporting the warrant does not provide a sufficient showing that the informant was reliable or trustworthy. The affidavit reads, in pertinent part, as follows: "... affiant was contacted by a reliable source that wished to remain confidential. Said source has been known to affiant for over two months. Said source has provided affiant with information concerning illegal drug activity and has aided affiant in the discovery of illegal drugs. Information received by affiant has been proven true when checked."

Appellant relies upon this court's recent decision in *Galgano v. State,* 147 Ga. App. 284 (248 SE2d 548) (1978), in support of his contention that the above information does not provide for a sufficient showing of reliability. However, in *Galgano,* most of the information provided to establish the informant's reliability actually detracted from it, and the only legitimate reason for believing the informant to be trustworthy was the statement that he had provided information to law enforcement officers which had "proven true when checked." This was held to be "nothing more than a mechanical recital of past reliability" and was thus held to be insufficient to support a finding of probable cause for the search. *Galgano v. State,* supra, at 286. In this case, there is the added information that the affiant had known the informant personally for two months and that during this time the informant had provided him with information which had aided in the discovery of illegal drugs. These added factors amounted to more than a "mechanical recital of past reliability" and formed a sufficient basis for finding the

informant to be reliable and trustworthy. Accordingly, it was not error to deny the motion to suppress or to admit the contraband as evidence at trial.

2. Appellant contends that since the state introduced no direct evidence showing him to be in possession of the premises where the drugs were found there was no basis for the court's conclusion that he was in possession of the drugs. We find, however, ample circumstantial evidence to support the trial court's conclusion that both the apartment and the drugs were appellant's. See *Parrott v. State,* 134 Ga. App. 160 (214 SE2d 3) (1975). The state introduced testimony tending to show that the appellant was the master of the dog who resided on the premises. Also, while the officers were present, a lady identified as the appellant's wife walked in the apartment without announcement. These facts, though circumstantial, were sufficient to show that the appellant was in possession and control of the premises. See generally *Ennis v. State,* 130 Ga. App. 716 (2) (294 SE2d 519) (1974).

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979.

*David R. Montgomery,* for appellant.
*Harry N. Gordon, District Attorney, James Skipper, Jr., B. Thomas Cook, Jr., Assistant District Attorneys,* for appellee.