59023. SMITH v. THE STATE.

McMURRAY, Presiding Judge.

Defendant Smith was indicted, tried, and convicted of possession of marijuana with intent to distribute, a felony, in violation of the Georgia Controlled Substances Act. He was sentenced to serve a term of 10 years. A motion for new trial was filed, amended, and denied. Defendant appeals. *Held:*

1. The issue in the first enumeration of error is that the trial court erred in denying defendant's motion for directed verdict of acquittal inasmuch as a felony had been charged and there was insufficient evidence to convict as a matter of law. Defendant contends that the evidence was based upon the testimony of an accomplice, uncorroborated by facts and circumstances which in themselves directly connected the defendant with the crime.

The case of *Cuevas v. State,* 151 Ga. App. 605 (260 SE2d 737), as to the possession of marijuana with intent to distribute involves five other persons charged with this same crime. See also in this connection *Arnsdorff v. State,* 152 Ga. App. 515 (263 SE2d 176)

(1979). Marijuana was seized on the shrimp boat "Miss Carol J," and the accomplice who was involved in the unloading of marijuana into trucks testified that this defendant left "Morgan's Dock" on the "Miss Carol J" and returned a few days later on March 13, 1978, at which time it contained a large amount of marijuana. The accomplice testified that he and the defendant both helped unload the marijuana. However his testimony must be corroborated by other evidence.

Other witnesses testified that the boat was searched by law enforcement officers. A billfold was found on board containing the name Daniel Phillip Smith, as well as defendant's picture. A coffee cup and a legal pad were also found in the wheelhouse of the boat. Defendant's fingerprints were found on these two items (coffee cup and legal pad). In the defendant's testimony he admitted he was a commercial fisherman and had rented the "Miss Carol J" twice, the last time about the middle of February, 1978. He also testified he had apparently left his billfold on the boat in February, 1978, and discovered that he had lost it after his return to his home in Florida. This evidence, of course, could explain the location of his fingerprints and billfold on board without involving criminal activity on his part. However, the jury did not believe this. Yet this evidence was sufficient to corroborate the testimony of the accomplice. Corroborating evidence must be as to the identity and participation of the accused tending to connect him to the crime or lead to the inference that he is guilty. See *Smith v. State,* 238 Ga. 640, 641 (235 SE2d 17), and cits. The defendant admitted he had been in the presence of the shrimp boat, "Miss Carol J," but he contends it was in February, 1978, not on or about March 13, 1978, when the marijuana was discovered aboard the "Miss Carol J." His fingerprints on the legal pad and coffee cup, as well as his wallet and picture and admissions in evidence are sufficient corroborating testimony of the accomplice's testimony to authorize the jury's verdict of guilty. There is no merit in this complaint.

2. Defendant also contends he was denied a right to a thorough and sifting cross examination of the accomplice. The scope of the cross examination rests largely with the trial judge, and his discretion will not be controlled by a reviewing court unless it is abused. The trial court may properly restrict the cross examination to matters material or relevant to the issues. *Jones v. State,* 135 Ga. App. 893, 897-898 (5) (219 SE2d 585); *Allen v. State,* 137 Ga. App. 302, 303 (3) (223 SE2d 495); *Birge v. State,* 143 Ga. App. 632, 634-635 (4) (239 SE2d 395). Here, however, a thorough and sifting examination of the witness was allowed except in one instance in which an objection was raised and sustained as to whether or not

the person who had employed the witness to work for the city knew certain law enforcement officers. Whether or not this third person knew law enforcement officers is irrelevant to the case. There is no merit in this complaint.

3. Another enumeration of error alleges error when the court refused to permit impeachment of the state's sole eyewitness, the accomplice, by use of the witness' juvenile record adjudging him a delinquent for commission of a crime involving moral turpitude. The record here as to this witness, the accomplice, shows only that he had been adjudicated a delinquent in a juvenile court proceeding. In a proceeding under the provisions of Code Title 24A adjudication of delinquency is not a conviction of a crime. Code Ann. § 24A-2401 (a) (Ga. L. 1971, pp. 709, 736); *K. M. S. v. State of Ga.,* 129 Ga. App. 683, 684 (200 SE2d 916). To impeach a witness it is necessary to introduce an authenticated copy of the record of the court in which he was convicted. An adjudication of delinquency in a proceeding under the provisions of Code Title 24A is not a criminal conviction. There is no merit in this complaint.

4. The next enumeration of error is as to the failure to show a proper chain of custody as to the contraband admitted into evidence over objection. The circumstances need only establish the reasonable assurance of the identity of the same. See *Patterson v. State,* 224 Ga. 197, 199 (2) (160 SE2d 815); *Meadows v. State,* 135 Ga. App. 758, 759, 760 (219 SE2d 174); *Davis v. State,* 135 Ga. App. 203, 204 (1) (217 SE2d 343); *Johnson v. State,* 143 Ga. App. 169 (1) (237 SE2d 681). Absent any evidence to the contrary, the evidence presented by the state was sufficient to establish the chain of custody. *Davis v. State,* 135 Ga. App. 203, supra; *Johnson v. State,* 143 Ga. App. 169, supra.

5. In denying the defendant's motion to suppress evidence allegedly obtained as a result of illegal searches and seizures, we here refer to *Cuevas v. State,* 151 Ga. App. 605, 607 (1), supra, in which this court extensively reviewed a similar motion to suppress the evidence seized and the ruling there is controlling here. There is no merit in this complaint. See also *Arnsdorff v. State,* 152 Ga. App. 515 (4), supra; United States v. Harris, 403 U. S. 573, 581 (91 SC 2075, 29 LE2d 723); *Davis v. State,* 129 Ga. App. 158 (3) (198 SE2d 913); *Smith v. State,* 136 Ga. App. 17 (220 SE2d 11).

Hearsay information which relates to the criminal activity in such detail as to assure the magistrate that the information provided is more than a casual rumor circulating in the underworld may also establish the needed credibility and reliability. *Sams v. State,* 121 Ga. App. 46, 48 (1) (172 SE2d 473); *Smith v. State,* 136 Ga. App. 17, supra. There is no merit in this complaint.

6. The trial court did not err in its instruction to the jury on constructive possession. The defendant here was not caught in actual possession of the marijuana, but the testimony was such that the jury would have been authorized to find that although not in actual possession he knowingly had both the power and the intention to exercise dominion or control over it. See *Neal v. State,* 130 Ga. App. 708, 710-711 (2) (204 SE2d 451) and *Bradley v. State,* 137 Ga. App. 670 (1) (224 SE2d 778).

7. The evidence was sufficient to support the verdict. After careful review of the trial transcript and record, we find and so hold that a rational trier of fact (the jury in the case sub judice) could readily have found the defendant guilty beyond a reasonable doubt of the offense of possession of marijuana with intent to distribute in violation of the Georgia Controlled Substances Act. See *Payne v. State,* 151 Ga. App. 165, 166 (259 SE2d 168); *Whatley v. State,* 151 Ga. App. 174, 175 (259 SE2d 175).

*Judgment affirmed. Deen, C. J., Quillian, P. J., Shulman, Banke, Birdsong and Carley, JJ., concur. Smith and Sognier, JJ., dissent.*

Argued October 31, 1979 — Decided March 20, 1980 — Rehearing denied March 31, 1980 —

*Lewis M. Groover, Jr.,* for appellant.

*Harrison Kohler, Dupont K. Cheney, District Attorney, Kenneth R. Carswell, Assistant District Attorney,* for appellee.

Sognier, Judge, dissenting.

I respectfully dissent from Division 1 of the majority opinion. The rule relating to corroboration of accomplice testimony is that there must be evidence, *independent of the accomplice testimony,* which establishes, or infers, *direct participation* in the offense charged, and is more than sufficient to merely cast on the defendant a grave suspicion of guilt. *Allen v. State,* 215 Ga. 455, 457 (111 SE2d 70) (1959). Accord, *Gunter v. State,* 243 Ga. 651, 654-655 (256 SE2d 341) (1979); *Vaughn v. State,* 139 Ga. App. 565 (228 SE2d 741) (1976). Eliminating the testimony of the accomplice in this case, all that remains is the fingerprint evidence and evidence that a billfold containing Smith's name and picture was found on the "Miss Carol J." The most this evidence establishes, even by inference, is that at some unknown time (accepting the testimony of the state's expert witness) Smith was on the "Miss Carol J." It does not establish, even by inference and *independent* of the accomplice testimony, that

Smith participated in the offense charged on March 13, 1979.

I recognize that the corroborating evidence need not be sufficient, in and of itself, to establish an accused's guilt; however, it must be sufficient, at a minimum, to establish the defendant's participation in the offense charged without consideration of the accomplice's testimony. If the evidence independent of the accomplice testimony is not sufficient to establish that Smith was on the boat on March 13, 1979, it is certainly not sufficient corroboration; at most, it creates a grave suspicion of guilt. This is in accord with Division 4 of this court's opinion in *Barnett v. State*, 153 Ga. App. 430 (1980).

Lastly, the case of *Cuevas v. State,* 151 Ga. App. 605 (260 SE2d 737) (1979), relied on by the majority, is totally different factually from the instant case. *Cuevas* was apprehended in the back of the van used to transport the marijuana, thus connecting him directly with the offense charged. In the instant case Smith was not at the boat, the warehouse or the van; in fact, he was not present at all. Thus, the only evidence connecting the defendant with the offense charged was the uncorroborated testimony of the accomplice.

I agree with this court's disposition of the remaining enumerations of error; however, in my opinion, Enumeration 1 requires reversal.