## 61117. TISBY v. THE STATE.

BANKE, Judge.

The appellant appeals his conviction for possession of marijuana with intent to distribute, enumerating as error the denial of his motion to suppress evidence seized pursuant to a warrant for the search of his residence.

The affidavit in support of the warrant recited that the affiant had received information from another police officer within the past 72 hours to the effect that an informant had told that officer that within the past 48 hours he (the informant) had seen marijuana in the possession and control of the appellant at a certain described address. The affidavit went on to state that the affiant had discovered from his own investigation that the appellant did in fact live at the described address and that surveillance of the address "on two occasions within the past 48 hours revealed numerous persons entering and leaving the residence after short visits." The affiant testified at the motion to suppress hearing that he had told the magistrate that the officer had told him that the informant had provided reliable information in the past which had resulted in the seizure of marijuana and the arrests of more than one person. The appellant contends on appeal that this was not adequate to establish the reliability of the informant. *Held:*

The information presented to the magistrate was sufficient to authorize the issuance of the warrant, and this court's decision in *Galgano v. State,* 147 Ga. App. 284 (248 SE2d 548) (1978) does not require a contrary conclusion. There, the only allegation contained in the affidavit which remotely supported the assertion that the informant was credible was the statement that he had "given information to law enforcement officials in the past which was proven true when checked." We held that such a statement was totally conclusory and was insufficient in the absence of some underlying factual support, such as, for example, a description of the type of information which the informant had furnished in the past, the use to

which it had been put, or the length of time which had elapsed since the information was furnished. Id. at 286. In the case before us now, the officer who originally received the information from the informant told the affiant that past information from the informant had resulted in the seizure of marijuana and the arrests of more than one person. This created a "substantial basis" for believing the informant to be reliable. Accord, *Tomblin v. State,* 128 Ga. App. 823 (1) (198 SE2d 366) (1973). See generally *Smith v. State,* 136 Ga. App. 17, 18 (220 SE2d 11) (1975). Furthermore, the affiant corroborated the informant's information by placing the appellant's residence under surveillance and observing that numerous persons entered and left after staying only a short period of time, a phenomenon consistent with the sale of illicit drugs from the residence. For these reasons, we hold that the magistrate had reasonable ground for concluding that there was marijuana on the premises, and, consequently, we hold that the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs specially.*

DECIDED JANUARY 21, 1981.

*Stephen H. Andrews,* for appellant.
*H. Lamar Cole, District Attorney, Dwight May, Assistant District Attorney,* for appellee.

CARLEY, Judge, concurring specially.
I concur fully in the judgment affirming the denial of the motion to suppress and the majority's finding that the magistrate issuing the search warrant in this case had reasonable grounds for concluding that there was marijuana on the premises. However, I would like to add that, in addition to the facts recited in the majority opinion, the record in this case reveals that the affiant actually met with the informant and that the informant imparted to the affiant the same information earlier given to the other police officer. At the hearing on the motion to suppress in the instant case, it was shown that the magistrate was informed by the affiant, under oath, of the affiant's discussion with the informant. Therefore, the evidence in this case clearly complies with the requirements of the test for determination of probable cause enunciated in Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723) (1964), and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637) (1969). "Thus, the evidence on the motion to suppress supports the trial court's finding that the affidavit and sworn testimony presented to the magistrate satisfied the 'two prong'

Aguilar-Spinelli test and that the warrant issued on the basis thereof was based on probable cause. Therefore, appellant's Fourth Amendment rights were not violated and it was not error to deny the motion." *Shaner v. State,* 153 Ga. App. 694, 700 (266 SE2d 338) (1980).