73007. HILL v. THE STATE.
(349 SE2d 799)

BIRDSONG, Presiding Judge.

This is an appeal from a conviction for the offense of violating the Georgia Controlled Substances Act in that defendant had upon his person three ounces of marijuana.

The defendant enumerates error by the trial court for refusing to grant his motion for a directed verdict of acquittal. "A trial court

must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt." *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590), citing *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560).

The State's evidence showed that the arresting officer saw the defendant carrying two brown bags while running across the street towards a car in a supermarket parking lot which is known for frequent instances of drug peddling. The defendant, along with two or three other men, approached a car in the lot which was occupied by a male. When the officer pulled into the parking lot, everyone fled the scene and the defendant proceeded to walk away quite quickly, carrying the two bags. The officer saw the defendant drop one of the bags and upon stopping the defendant, noticed that he was carrying an open container of beer in the other bag in violation of a county ordinance. The officer took the defendant to the police car and a few seconds later retrieved the other bag which was later determined to contain 3 ounces of marijuana. The dropped bag had not been out of the officer's sight and there had been no one else in the area to alter its contents.

" 'Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal.' " *Allen v. State*, 137 Ga. App. 302, 303 (1) (223 SE2d 495). See *Merino v. State*, 230 Ga. 604, 605 (1) (198 SE2d 311). It is clear from the evidence presented that a verdict of acquittal was not demanded. Accordingly, the trial judge did not err in refusing to grant defendant's motion for directed verdict.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 15, 1986.

*Melissa M. Nelson*, for appellant.

*Robert E. Wilson*, District Attorney, *Elisabeth MacNamara*, *John H. Petrey*, Assistant District Attorneys, for appellee.