## 59791. KOUDER v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of possessing marijuana in violation of the Georgia Controlled Substances Act. Defendant appeals, enumerating as error the refusal of the trial court to

suppress evidence found in a search of his residence. *Held:*

1. Relying upon *Galgano v. State,* 147 Ga. App. 284 (248 SE2d 548), defendant contends that the search warrant authorizing the search of his residence was invalid because it was based upon information provided by a confidential informant whose reliability was not properly demonstrated. It is clear from *Galgano v. State,* 147 Ga. App. 284, supra, at page 286, that a statement that the informant had provided information in the past which has proven to be correct is not sufficient when standing alone and unaccompanied by any further specifics as to the type of information provided, the use to which it was put, or the length of time which has elapsed since the information was furnished.

The relevant language of the affidavit in *Galgano v. State,* 147 Ga. App. 284, 285, supra, states that: "It [the source] has given information to law enforcement officers in the past which was proven true when checked." The affidavit in the case sub judice provides some of the aforementioned specifics stating that: "Said source has provided information on numerous occasions to law enforcement officers that has led to the recovery of contraband in violation of the Georgia Controlled Substances Act, from which several arrests have been made."

We do not believe that *Galgano v. State,* 147 Ga. App. 284, supra, is to be interpreted as requiring that in every case each of the three specifics (type of information, use to which it was put, and elapsed time since the information was furnished) as to the information provided must be present. The requirement expressed there is that one or more specifics as to the information be furnished the magistrate so that from the facts made known to him he may make an independent analysis as to whether the informant is presently a reliable and trustworthy person.

In the case sub judice, the affidavit supplies two of the three specifics (type and use) mentioned in *Galgano v. State,* 147 Ga. App. 284, 286, supra. The previous information has related to items which are contraband under the Georgia Controlled Substances Act, and this information has led to recovery of these drugs and arrests. The absence of information as to the length of time which has elapsed since this former information was supplied does not in the context of the other circumstances render this affidavit insufficient. See in this regard *Tomblin v. State,* 128 Ga. App. 823, 824 (1) (198 SE2d 366). In the case sub judice no evidence is given as to the length of time which has passed since the informant had previously supplied reliable information. The affidavit in this case does furnish the magistrate with particular facts or circumstances which justify concluding that the informant is a reliable or

trustworthy person. See *Galgano v. State,* 147 Ga. App. 284, 286, supra.

2. The affidavit upon which the warrant was based stated "that within 7 days . . . [the informant] . . . had personally observed marijuana within the . . . premises." The phrase "within 7 days" as to the information in the affidavit does not render it stale. See *Clyatt v. State,* 126 Ga. App. 779, 781 (1) (192 SE2d 417). The time element, "within 7 days," could be to protect the informant's identity. The occurrence should be so near in point of time to the making of the affidavit and execution of the search warrant "as to create a reasonable belief that the same conditions described in the affidavit still prevailed at the time of the issuance of the warrant." *Fowler v. State,* 121 Ga. App. 22, 23 (172 SE2d 447).

The trial court did not err in overruling the motion to suppress the evidence seized and in allowing it in evidence.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted April 16, 1980 — Decided May 12, 1980.

*Alan M. Alexander,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.