## 67560. MORRIS v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted of possession of cocaine (OCGA §§ 16-13-26 (1) (D), 16-13-30 (a) (c)) and possession with the intent to distribute more than one ounce of marijuana (OCGA § 16-13-30 (j) (1)). In his appeal, appellant enumerates two errors, both of which pertain to the trial court's denial of his motion to suppress evidence seized from his home pursuant to search warrant and from his person, and the admission of that evidence at trial.

The facts relevant to this appeal are basically undisputed. Jenkins, an agent with the Georgia Bureau of Investigation, proceeded with Brown and several other officers to the residence of appellant to execute a search warrant on appellant's residence. Jenkins approached appellant's house alone while the other officers, several of whom purportedly would have been recognized by appellant, remained concealed in their automobile. When appellant presented himself at his front door, Jenkins initially posed as a member of the Athens Credit Bureau. When appellant identified himself, Jenkins informed him that she was a GBI agent and was present to execute a search warrant on his residence. The remaining officers then proceeded to search appellant's residence in which they uncovered a total of 8.5 ounces of marijuana.

Immediately after Jenkins announced her identity and purpose but prior to the execution of the warrant, Brown conducted a search of appellant's person. This search revealed a marijuana cigarette and two plastic bags containing cocaine. However, appellant was not arrested at the time of the search.

The warrant pursuant to which the search was conducted stated that the search was for "marijuana," described appellant's residence with detailed specificity, and stated that the premises was "in the custody or control of [appellant]. . . ." The warrant was supported by the required affidavit.

On appeal, appellant challenges the denial of his motion to suppress and admission of the seized contraband on three grounds: (1) the contraband removed from appellant's person should have been suppressed because the search warrant did not provide for a search of appellant's person for protection of the officers or to prevent disposal of contraband and the facts did not support a search pursuant to OCGA § 17-5-28; (2) Jenkins failed to adhere to the OCGA § 17-5-27 requirement that the officer give or ". . . attempt in good faith to give verbal notice . . . of his authority and purpose . . ."; (3) the affidavit in support of the warrant was insufficient in that it failed to set forth the quantity of marijuana previously observed at appellant's residence by the confidential informant. *Held*:

1. We must reject appellant's contention that the search of his person was invalid pursuant to OCGA § 17-5-28. That statute allows for the search of any person located on the premises named to be searched in a search warrant if the search is reasonably necessary to protect the officer from attack or "[t]o prevent the disposal or concealment of . . . things particularly described in the search warrant." The state contends that OCGA § 17-5-28 is inapplicable to searches of occupiers of the premises to be searched. However, pretermitting the latter question, we find that the officers had ample authority to search appellant to prevent the disposal or concealment of the contraband named in the search warrant, i.e., marijuana. The substance named in the affidavit was one that easily could be concealed. Brown, who also swore out the affidavit in support of the search warrant, knew appellant and knew that he had been arrested previously for possession of cocaine and marijuana. Further, the affidavit clearly stated that the premises was in the custody and control of appellant. Under these circumstances, we conclude that the officer had ample grounds upon which to conduct a search of appellant's person pursuant to OCGA § 17-5-28 (2). Compare *Willis v. State*, 122 Ga. App. 455 (177 SE2d 487), with *Wyatt v. State*, 151 Ga. App. 207 (1) (b) (259 SE2d 199).

2. Appellant next objects to the manner in which the search was conducted. This objection is based upon the fact that Jenkins failed immediately to announce her authority and purpose upon initially confronting appellant's residence. However, "This [requirement] may be excused where the police have reasonable grounds to believe that forewarning would either greatly increase their peril or lead to the immediate destruction of the evidence." *Martin v. State*, 165 Ga. App. 760, 761 (302 SE2d 614). The officer who swore out the search warrant testified during the motion to suppress hearing that the procedure with Jenkins was used because she otherwise feared destruction of the contraband. In view of the nature of the contraband and appellant's known prior arrest for marijuana and cocaine possession, the trial court was authorized to conclude that the officer's suspicions were justified. Accordingly, assuming without deciding that Jenkins and her companions deviated from the requirements of OCGA § 17-5-27 in conducting the search of appellant's residence, this deviation was justified under the particular circumstances of this case.

3. Appellant's final attack on the search of his premises is, likewise, without merit. An affidavit in support of a search warrant for "marijuana" is not deficient merely because it fails to specify the quantity of marijuana observed by the informant. See, e.g., *DePalma v. State*, 228 Ga. 272, 276 (185 SE2d 53); *Kouder v. State*, 154 Ga. App. 597, 599 (269 SE2d 92); *Mitchell v. State*, 150 Ga. App. 44, 45 (256 SE2d 652).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED MARCH 14, 1984.

*Stephen H. McElwee*, for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Gerald W. Brown, Assistant District Attorneys*, for appellee.