## 74351. WHITEHEAD v. THE STATE.
### (361 SE2d 188)

Benham, Judge.

Appellant was convicted of commercial gambling. Evidence essential to his conviction was seized in a search pursuant to a warrant. A motion to suppress the evidence seized in that search was denied by the trial court. The sole issue raised on appeal is whether the affidavit in support of the application for the warrant sufficiently shows the reliability of the confidential informant from whom the affiant received information.

The standard to be applied is the " 'totality of the circumstances' test. 'The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . concluding" that probable cause existed.' [Cit.]" *State v. Stephens,* 252 Ga. 181, 182 (311 SE2d 823) (1984). The Supreme Court emphasized in that case that application of that standard involved "a practical, common-sense approach to the requirement of probable cause relative to the issuance of search warrants." Id.

The portion of the affidavit which appellant contends is insufficient reads as follows: "Source number one has been known by the affiant for a period of more than 4 months and has given information to the affiant on more than 10 occasions that has been proved correct through independent investigation. During this time the source has not given the affiant any information that has been incorrect or that has been proved wrong." In other portions of the affidavit, it was stated that the informant (source number one) had seen in appellant's apartment, within 72 hours prior to the time of affidavit, "numerous pieces of paper with random three (3) digit numbers imprinted on them. The source knows that [t]hese pieces of paper are

lottery tickets from past experience."

In support of his position that the affidavit was insufficient, appellant relies on *Felker v. State*, 172 Ga. App. 492 (4) (323 SE2d 817) (1984). We find sufficient differences between this case and that to come to a contrary conclusion. First, the primary basis for finding the affidavit insufficient in *Felker* was that the source of the informant's knowledge was not shown; here, the affidavit recites that the informant saw the evidence of the crime in appellant's apartment. An additional ground on which the decision in *Felker* was based was the failure to give facts showing the reliability of the informant. On that issue, *Felker* relied on *Kouder v. State*, 154 Ga. App. 597 (1) (269 SE2d 92) (1980), and *Galgano v. State*, 147 Ga. App. 284 (248 SE2d 548) (1978), for the proposition that the affidavit needed to provide specifics on the question of reliability. *Galgano* set out three types of information desirable in that portion of an affidavit in support of an application for a search warrant: the type of information previously supplied by the informant, the use to which that information has been put, and the length of time since the previous information was furnished. In *Kouder*, however, this court cautioned against too strict a construction of its holding in *Galgano*: "We do not believe that *Galgano* . . . is to be interpreted as requiring that in every case each of the three specifics (type of information, use to which it was put, and elapsed time since the information was furnished) as to the information provided must be present. The requirement expressed there is that one or more specifics as to the information be furnished the magistrate so that from the facts made known to him he may make an independent analysis as to whether the informant is presently a reliable and trustworthy person." *Kouder v. State*, supra at 598.

*Kouder*'s interpretation of the specificity requirement is further strengthened by a reading of *Tomblin v. State*, 128 Ga. App. 823, 824 (198 SE2d 366) (1973), cited in both *Kouder* and *Galgano*. There, the affidavit described the affiant's source as follows: "A reliable informer which has been used numerous times in the past and has proven to be a very reliable person. . . ." This court took a common-sense approach to the evaluation of that affidavit. "[Defendant] contend[s] the reliability of the informer is insufficiently shown — that there are no facts showing how, for what purpose, or with what result, this informer was used in the past which would prove his reliability. We believe that while this portion of the affidavit could have been set out much better, it is capable of logical interpretation which would satisfy the requirements. For example, it makes common sense that the 'reliable *informer*' was 'used numerous times in the past' as an informer; not, as [defendant] contend[s], in some other purely personal capacity. It is also clearly inferable that information he had furnished in the past had been valuable, or he would not have been used numerous

times. Reliability may be shown by a past history in similar matters. [Cits.] Therefore, while a recital that his information had led to certain arrests, convictions, etc. would be desirable, we do not believe it is essential to show reliability." *Tomblin v. State,* supra at 824.

Viewing the affidavit in this case in that light, we note that the time since the informant has furnished other information is ascertainable: in approximately four months, the informant had given accurate information ten times. Furthermore, reading the reliability part of the affidavit in context with the rest of it, it is inferable that the earlier information has concerned gambling since the affiant referred to the informant's experience as a factor in its recognition of gambling material.

Applying the practical, common-sense approach of *Stephens* and *Tomblin,* we find the affidavit in this case sufficient to provide the magistrate with a substantial basis for concluding that probable cause existed. Accordingly, there was no error in the denial of appellant's motion to suppress.

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 28, 1987.

*Chevene B. King, Jr.,* for appellant.

*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Jennie E. Rogers, Assistant District Attorneys,* for appellee.