## A89A0216. CARSON v. THE STATE.
### (383 SE2d 619)

Benham, Judge.

Appellant was found guilty of raping his niece. On appeal, he takes issue with three evidentiary rulings made by the trial court.

1. Appellant contends the trial court erred in overruling his objection to the admission of scientific test results which were not reported to appellant despite his timely request under OCGA § 17-7-211 (b). In response to his request, the State timely provided appellant with a crime lab report that stated, "Microscopic examination of the smears [taken from the victim's vagina and cervix] reveals the presence of spermatozoa." At trial, after the forensic serologist from the Crime Lab testified that the slides were positive for spermatozoa, the assistant district attorney asked the witness about the amount of spermatozoa present. Appellant's counsel objected, contending that the witness' response was inadmissible since the scientific test results furnished to appellant stated only that sperm was present. The witness was permitted to testify that on the "in-house" grading system of 0 to 4, the vaginal smear was graded as a "two plus" and the cervical smear a "three plus-four."

Relying on *Durden v. State*, 187 Ga. App. 154 (1) (369 SE2d 764) (1988), appellant maintains that only the testimony establishing that sperm were present was admissible, and that the State should not have been allowed to quantify that result through expert testimony. We do not find *Durden* to be controlling.

In *Durden* and its progeny (*Camarata v. State*, 188 Ga. App. 41 (371 SE2d 885) (1988), and *Box v. State*, 187 Ga. App. 260 (370 SE2d 28) (1988)), the defendants were charged with driving under the influence of alcohol and/or drugs, a crime that has as an essential element the effect an amount of alcohol or drug has upon one's faculties. Each defendant was supplied with a copy of a scientific report stating that tests had indicated the presence of marijuana or cocaine in samples of the defendant's blood or urine. At each trial, the forensic witness quantified the test results, giving the numerical findings that resulted in the conclusion that drugs were present in the blood or urine sample, and then testified to the functional disability brought about by the presence of that quantity of drug. This court reversed the *Durden*, *Box*, and *Camarata* convictions because the State had failed to provide the defendants with the actual empirical test results that an expert testified would cause impairment in one's ability to drive. In other words, the defendants received reports confirming the presence of drugs in their bodies; however, the expert trial witness then told how much drug was in each body and related that amount to degree of impairment, a necessary element of the crime. See OCGA § 40-6-391 (a) (2, 3).

In the case at bar, appellant was charged with rape, Neither the presence nor the amount of semen in a victim's body is an element of the crime. *Skipper v. State*, 257 Ga. 802 (1b) (364 SE2d 835) (1988). By giving a numerical value to the amount of sperm found in the vaginal and cervical smears, the witness did not provide data necessary to convict appellant of rape. While the State should limit its examination of its forensic witness to the material contained in the scientific report given to the defendant, we cannot say that the deviation from that practice in the case at bar was a violation of OCGA § 17-7-211.

2. On cross-examination, appellant's counsel questioned the victim about her employment history. He then called the victim's former employers as witnesses and attempted to impeach the victim by disproving her testimony concerning her job employment history. "[A] witness may not be impeached because of a discrepancy as to a wholly immaterial matter. [Cit.] Whether the victim had [quit or been fired from several jobs] is wholly immaterial to the issue of [appellant's] guilt of the [crime] charged." *Thomas v. State*, 168 Ga. App. 587 (1) (309 SE2d 881) (1983). See also *Gilbert v. State*, 159 Ga. App. 326 (2) (283 SE2d 361) (1981). The trial court did not err in making its ruling.

3. During her testimony, the victim stated that appellant's attorney had visited her in her home and questioned her about the alleged rape. She stated that the attorney left when the victim's father telephonically requested him to do so. Appellant objected to the relevancy of the testimony and, on appeal, maintains the trial court erred in permitting the testimony. "Our appellate courts have consistently adhered to the rule that an objection to the admission of evidence on the sole ground that it is 'irrelevant' is insufficient to show error requiring reversal. [Cits.]" *Jefferson v. State*, 157 Ga. App. 324 (2) (277 SE2d 317) (1981).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 21, 1989.

*Brett W. Ladd*, for appellant.
*Darrell E. Wilson, District Attorney, Kimberly L. Schwartz, Assistant District Attorney*, for appellee.