A90A1128. ANDREWS v. THE STATE.
(397 SE2d 63)

BEASLEY, Judge.

Defendant was convicted of selling cocaine, OCGA § 16-13-30 (b), and enumerates as error the court's permitting the State's expert witness to identify the substance and state the basis for her conclusion, over his objection.

Before trial defendant invoked OCGA § 17-7-211 for copies of all scientific reports. He was given a document titled "official report." It described two plastic bags received from the undercover agent and stated the final conclusion of the examining forensic chemist, that the substance in each bag was "positive for cocaine."

During trial the chemist identified the substances sold to an undercover agent as being cocaine. She stated that she performed three tests, thin layer chromatography, gas chromatography and mass spectroscopy, and the results were all positive. This constituted the basis for her opinion and, together with her qualifications, comprised her entire testimony on direct.

Defendant cross-examined her about the existence of notes and test results generated when she tested the substance which were not given to the district attorney and thus not furnished to defendant. Defendant objected to the allowance of the chemist's testimony on the ground that the State had not supplied him with all the scientific reports as required by OCGA § 17-7-211. The objection was overruled.

Defendant relies upon *Durden v. State,* 187 Ga. App. 154, 156 (369 SE2d 764) (1988), for his argument that all test results, and not

merely the ultimate conclusion reached by the scientist, must be furnished on penalty of exclusion of the expert's testimony. Although that decision contains broad language, as do the subsequent cases of *Box v. State*, 187 Ga. App. 260 (370 SE2d 28) (1988), and *Camarata v. State*, 188 Ga. App. 41, 42 (1) (371 SE2d 885) (1988), they do not control here.

The proscription of the code was applied in *Durden*, supra at 158, because "the scientific evidence which was denied to the defense, in fact comprised the entire substance of the State's case." Here, the State's evidence was not quantitative but related solely to whether the substance was or was not cocaine. Identity of the substance was the issue; quantity and quality were not. The report included what the expert testified, that the substance tested positive for cocaine.

*Carson v. State*, 192 Ga. App. 52 (1) (383 SE2d 619) (1989), distinguished the three earlier cases as involving attempts to prove amount of substance and degree of impairment, so that merely reporting presence of substance was insufficient. In this case the State limited its examination of the expert to the identity of the substance, which conclusion was contained in the report. *Carson* controls. Documents generated by each of the tests performed were not required. "The penalty the State suffers for failure to furnish a copy of a report is the exclusion of *that* report from evidence." (Emphasis supplied.) *Law v. State*, 251 Ga. 525, 528 (307 SE2d 904) (1983).

Moreover, defendant failed to demonstrate the availability of further scientific reports as described by OCGA § 17-7-211. The Code section does not mandate that notes, graphs, preliminary tests and work product be furnished because they do not constitute scientific reports. *Williams v. State*, 251 Ga. 749, 754 (312 SE2d 40) (1983); *State v. Madigan*, 249 Ga. 571, 574 (292 SE2d 406) (1982); *Dye v. State*, 177 Ga. App. 813, 814 (3) (341 SE2d 469) (1986); *Walker v. State*, 168 Ga. App. 130, 131 (3) (308 SE2d 404) (1983); *Sears v. State*, 161 Ga. App. 515, 516 (288 SE2d 757) (1982); *Hartley v. State*, 159 Ga. App. 157, 158 (2) (282 SE2d 684) (1981).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 7, 1990.

*James A. Nolan*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Assistant District Attorney*, for appellee.