## A92A0163. PARNELL v. THE STATE.
### (420 SE2d 42)

COOPER, Judge.

Appellant, who was convicted of aggravated sodomy, enticing a child, child molestation and aggravated child molestation, appeals from the denial of his motion for new trial.

Appellant was the maintenance person at the mobile home park where the five-year old victim lived. Appellant resided in the mobile home park in a small trailer. The victim's mother testified that the victim related to her that appellant had fondled his genital area and had performed oral sex on the victim. The victim testified at trial and made the same statements. At the time of appellant's arrest, a search of his trailer revealed several magazine pictures of semi-nude women posted on the walls of the trailer. Also, additional magazines containing pictures of nude women were found in appellant's trailer, as well as a large quantity of women's lingerie, women's makeup and two wigs.

1. Appellant's first enumeration of error states that the verdict was contrary to law. Since this enumeration of error was not supported by argument, reference to the transcript, or citation of authority, it is deemed abandoned. Court of Appeals Rule 15 (c) (2); *Grier v. State,* 198 Ga. App. 840 (2) (403 SE2d 857) (1991).

2. Appellant next contends that the trial court erred in admitting into evidence the pictures of nude women that were found in appellant's trailer. Appellant objected to the introduction of the pictures only on the ground of their relevancy. After appellant objected, the trial court reserved decision and the record does not reflect the court's final decision. However, the evidence was admitted and is included in our official transcript. " '[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion.' [Cit.]" *Barnwell v. State,* 197 Ga. App. 116 (5) (397 SE2d 717) (1990). Further, " '[o]ur appellate courts have consistently adhered to the rule that an objection to the admission of evidence on the sole ground that it is "irrelevant" is insufficient to show error requiring reversal. (Cits.)' [Cit.]" *Carson v. State,* 192 Ga. App. 52 (3) (383 SE2d 619) (1989). See *Brown v. State,* 122 Ga. App. 59 (176 SE2d 240) (1970). Although on appeal, appellant argues error on the ground of similar transaction evidence, this ground was not raised at trial and the only objection presented to the trial court was one of relevancy.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

Decided June 8, 1992.

*William J. Robinson, Jr.,* for appellant.
*Darrell E. Wilson, District Attorney, Brett W. Ladd, Assistant District Attorney,* for appellee.