## A92A0830. MATHIS v. THE STATE.
(420 SE2d 788)

McMURRAY, Presiding Judge.

David Paul Mathis was convicted of the offense of trafficking in cocaine and appeals from his conviction.

The State presented evidence showing that during an investigation of drug activity in Oconee County detectives from the City of Athens observed a suspected drug dealer, later identified as Flenard Smith, talking to an unknown male outside of Room No. 30 at the Butler Motor Inn. The officers followed Smith when he left the motel and apprehended him in Clarke County, where he was found to be in possession of an ounce of cocaine. After Smith was arrested and a search warrant was obtained, the detectives and other officers searched Room 30 at the Butler Motor Inn. No one was in the room at the time the search warrant was executed, although a cooking unit was still warm. Under the bed a large quantity of suspected cocaine was found in a shoe box inside a blue zippered bag, along with defendant's wallet and numerous other personal items belonging to him. The officers also discovered personal papers of a co-defendant, Darlene Smith, including the positive results of a pregnancy test. Further investigation revealed that defendant had been renting the room for three months, and that only he and the motel manager had a key.

Testimony of Larry Wheeler of the Georgia Bureau of Investigation Crime Laboratory that he performed three tests on the suspected cocaine was objected to by defendant because the nature and results of these tests were not included in the scientific report which had been served pursuant to OCGA § 17-7-221, but was allowed in evidence. At the close of the State's case, the trial court directed a verdict in favor of Darlene Smith, ruling that the evidence had failed to show any legal right to control of the premises in the room in which the drugs were found so as to prove her possession. Defendant moved for mistrial on the ground that the jury would retaliate against him if Ms. Smith were released on a "technicality." The motion was overruled and the trial judge instructed the jury that in so doing he was

making no implication one way or the other as to the guilt or innocence of the defendant, as that was a separate matter.

Two defense witnesses testified that they had seen the defendant staying at the Red Carpet Inn in Madison, Georgia during the month of March, but they were unable to give the precise dates. Flenard Smith testified that there were four people he did not know in Room 30 of the Butler Motor Inn when he bought the cocaine, but defendant was not present. Defendant testified that although he had rented the room at the Butler Motor Inn, on the day in question he was actually staying at the Red Carpet Inn. Darlene Smith testified that she had stayed in Room 30 of the Butler Motor Inn once or twice a week during the time period in question, and that defendant was the father of her child. The trial court denied defendant's motion for directed verdict on the ground that the mere presence of contraband on premises owned or occupied by an accused was insufficient to sustain a conviction when there is evidence of access by others, proof of the defendant's having leased the room where the contraband was seized raised an inference that the cocaine was in his control. The court then refused to instruct the jury on alibi as requested by defendant and the jury returned a verdict of guilty. *Held*:

1. Defendant contends that the trial court erred in overruling his motion for directed verdict of acquittal on the ground that as a matter of law the State had failed to exclude every reasonable hypothesis except that the contraband was in his actual or constructive possession. In support of this contention, he relies upon cases in which this court reversed possession convictions because there was sufficient affirmative evidence of equal access by others, which he argues are controlling here. We do not find the equal access principle to mandate reversal here as there was no *affirmative* evidence that anyone other than defendant had equal access to the room where the contraband was found. While the evidence established that numerous other people had access to the room, defendant was the one shown to have leased the premises and the only one to have a key. The fact that there were others present on the morning the cocaine was found is not affirmative evidence that any of these people could have been responsible for the presence of the contraband, as defendant insists. The equal access rule is not properly invoked in regard to persons who are merely visiting, even overnight; "[t]hus *equal* access' is not merely 'access.'" *Barnes v. State*, 175 Ga. App. 621, 626 (1) (334 SE2d 205) (1985) [affirmed in part and reversed in part, on other grounds, in *Barnes v. State*, 255 Ga. 396 (339 SE2d 229)].

"The equal access defense is based on the rule that 'merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to com-

mit the crime.' [Cits.] For the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found. *Cochran v. State,* 190 Ga. App. 884 (1) (380 SE2d 319) (1989). In the case now before us, no evidence was presented to show [that anyone else had *equal* access to defendant's personal bag under the bed in the room he had rented]. Thus we reject [his] argument that the evidence was insufficient to support his conviction. [Cit.] 'A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary. See OCGA § 17-9-1. In the instant case, there was clearly sufficient evidence from which a rational trior of fact could find (defendant) guilty beyond a reasonable doubt. (Cit.)' [Cits.]" *Nelson v. State,* 199 Ga. App. 487 (1), 488 (405 SE2d 310) (1991). Accord *Carswell v. State,* 201 Ga. App. 746 (412 SE2d 572) (1991).

2. Defendant's challenge to the State's being allowed over objection to introduce testimony concerning scientific tests and their results which had not been described in the official report is governed by *Andrews v. State,* 196 Ga. App. 790 (397 SE2d 63) (1990), rather than by *Durden v. State,* 187 Ga. App. 154 (369 SE2d 764) (1988) as he argues. "The proscription of [OCGA § 17-7-211] was applied in *Durden,* supra at 158, because 'the scientific evidence which was denied to the defense, in fact comprised the entire substance of the State's case.' Here, the State's evidence was not quantitative but related solely to whether the substance was or was not cocaine. Identity of the substance was the issue; quantity and quality were not. The report included what the expert testified, that the substance tested positive for cocaine.

"*Carson v. State,* 192 Ga. App. 52 (1) (383 SE2d 619) (1989) distinguished [*Durden* and the cases following it] as involving attempts to prove amount of substance and degree of impairment, so that merely reporting presence of substance was insufficient. In this case the State limited its examination of the expert to the identity of the substance, which conclusion was contained in the report. *Carson* controls. Documents generated by each of the tests performed were not required. 'The penalty the State suffers for failure to furnish a copy of a report is the exclusion of *that* report from evidence.' [Emphasis in original.] [Cit.]" *Andrews,* supra at 791. Consequently, defendant was not entitled to a mistrial on this ground.

3. When the trial court granted a directed verdict of acquittal to Darlene Smith, defendant moved for mistrial on the ground that letting his co-defendant off on what the jury might well deem to be a technicality made it likely they would retaliate by convicting the remaining defendant. The court explained to the jury that the evidence failed to show that Ms. Smith had any right to control of the premises

in which the drugs were found; and that although there was evidence of certain items with her name on them and some clothing which may or may not have been hers were found in the room, that was insufficient evidence to justify a conviction or to prove her possession of the contraband beyond a reasonable doubt as required by law. On appeal, defendant now objects to the court's explanation for the ruling, contending that the jury could only conclude that the judge meant there *was* sufficient evidence to establish possession in the defendant since he was not acquitted with his co-defendant. Although the court further told the jurors that the directed verdict was no implication "one way or another as to the guilt or innocence of the other defendant, David Paul Mathis," defendant complains that this curative instruction "missed the point."

We are unaware of any authority which prohibits a trial judge from granting a motion for directed verdict of acquittal to a co-defendant, if warranted, nor has any been cited. Assuming such a ruling or the reasons given the jury therefor were in error, defendant has still failed to show how he was prejudiced or harmed as is necessary to authorize reversal. Cf. *Ballentine v. State*, 194 Ga. App. 560, 562 (4) (390 SE2d 887) (1990); *Howell v. State*, 164 Ga. App. 321 (2) (296 SE2d 367) (1982); *Camp v. State*, 164 Ga. App. 253, 254 (1) (296 SE2d 799) (1982). "The court has a broad discretion in passing on motions for mistrial, which will not be controlled except for manifest abuse. [Cit.]" *Howell*, supra at 322. In any event, even if we considered the trial court's ruling an abuse of discretion, this court will not consider issues and grounds of objection which were not raised and passed upon in the trial court. *Rhodes v. State*, 200 Ga. App. 193, 194 (2) (407 SE2d 442) (1991).

4. Defendant assigns error to the trial court's refusal to give his written request to charge on the law of alibi to the jury. In denying this ground of defendant's motion for new trial, the court reasoned that the defense of alibi as set forth in OCGA § 16-3-40 involves the *impossibility* of the accused's presence at the scene of the crime *at the time of its commission*. Defendant complains that this is a correct statement of the law and precisely why he asked for the charge. However, the evidence was uncontradicted that the defendant was not at the motel at the time of the drug transaction or when the contraband was discovered and seized, and the State never contended that he was present. The "alibi" witnesses for the defense testified only that they had seen defendant at another motel on some unspecified dates in March. Thus, alibi was not an issue in the case and "[t]he trial court was not required to give a charge on alibi since it was not authorized by the evidence. [Cit.]" *Brewton v. State*, 174 Ga. App. 109 (1) (329 SE2d 270) (1985). Accord *Adams v. State*, 246 Ga. 119, 122 (2) (269 SE2d 11) (1980).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 13, 1992 —

*Robert E. Surrency*, for appellant.
*Harry N. Gordon, District Attorney, James B. McClung, Assistant District Attorney*, for appellee.