STATE of Missouri, Plaintiff–
Respondent,

v.

Lewis Leroy THOMAS, Defendant–
Appellant.

Lewis Leroy THOMAS,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 18970, 19405.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 18, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 21, 1995.

Rosalyn Koch, Office of the State Public Defender, Columbia, John Edward Cash, Kansas City, for defendant-appellant and movant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John Adams Christiansen, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent and respondent.

PREWITT, Judge.

Following jury trial appellant was convicted of possession of a controlled substance and sentenced as a prior drug offender to seven years' imprisonment. He appeals that

conviction. Appellant also filed a motion under Rule 29.15 to vacate the conviction and sentence. Following the denial of that motion, he appealed. The appeals were consolidated here. Rule 29.15(*l*).

■ Appellant presents two points relied on. Both points claim error in the criminal case number 18970. As there is no point directed to appellant's Rule 29.15 motion, the appeal from the denial of the motion is abandoned. *State v. Oplinger,* 847 S.W.2d 156, 157 (Mo.App.1993).

■ By his first point appellant asserts "the evidence was insufficient to sustain a finding that appellant had been in possession of marijuana in that the state failed to prove beyond a reasonable doubt that appellant had conscious and intentional possession of marijuana, having been in joint possession of the garden with others".

"In reviewing to determine if a submissible case was made, this court accepts as true all evidence favorable to the state, including all reasonable inferences drawn from that evidence, and disregards evidence and inferences to the contrary." *State v. Brown,* 749 S.W.2d 448, 450 (Mo.App.1988). "To sustain a conviction for possession of a controlled substance, the state must prove (1) conscious and intentional possession of the substance, either actual or constructive, and (2) awareness of the presence and nature of the substance. Both possession and knowledge may be proved by circumstantial evidence." *State v. Purlee,* 839 S.W.2d 584, 587 (Mo.banc 1992).

Appellant lived in a house with a large garden in the backyard. There was evidence that appellant was an active gardener. In the garden were two marijuana plants in separate locations. One of the plants was more than six feet in height and ninety inches across. The other plant was approximately four feet high and two feet across. Appellant testified that he planted a wide variety of plants in the garden. He said others were allowed to plant in the garden. He denied knowledge of the marijuana.

The evidence indicated that the plants were obvious to someone in the garden, particularly the larger plant. A deputy sheriff testified that the larger plant had been "pruned". He said the second plant was in an area which "had recently been tilled." After the marijuana was seized and taken to the sheriff's department, the deputies returned to appellant's residence to leave him a copy of the search warrant and appellant said, "Why can't they just leave a guy alone about this stuff" and then he said, "Because it's illegal, isn't it?" "Circumstances which suffice to prove a conscious possession of contraband by a person in joint control of the premises include: 1) routine access to an area in which the proscribed substance is found; *State v. Kerfoot,* 675 S.W.2d 658, 661[9] (Mo.App.1984), 2) the presence of large quantities of the substance at the place where the accused was arrested, *State v. Bowyer,* 693 S.W.2d 845, 847 (Mo.App.1985), and 3) conduct and statements made by the defendant." *State v. Thomas,* 737 S.W.2d 247, 249–250 (Mo.App.1987).

The evidence was sufficient to sustain the conviction. The jury did not have to believe appellant, nor to believe that someone else had planted the marijuana because other people had access to the garden. Point one is denied.

■ For his second point, appellant asserts that the trial court erred in overruling his motion to suppress and in admitting into evidence certain items "because the search was conducted in violation of appellant's rights to be free from unreasonable search and seizure ... in that the search warrant was issued on the basis of information given by an informant whose credibility had not been established in the affidavit accompanying the warrant."

The affidavit supporting the search warrant was made by a deputy sheriff who stated that he was contacted by a person whose name he withheld at the informant's request. The informant stated that while visiting appellant's residence he saw two marijuana plants growing in the garden. The deputy stated he believed the informant to be reliable as the informant had provided information previously which led to the detection, location and eradication of growing marijuana plants.

■ This information from the affidavit was sufficient to establish the informant's

credibility. It is not necessary for the affidavit to contain information establishing the past reliability of the informant if the informant's statements are corroborated through other sources. *See State v. Laws,* 801 S.W.2d 68, 70 (Mo. banc 1990); *State v. Ambrosio,* 632 S.W.2d 262, 265 (Mo.App. 1982). However, that does not mean that corroboration is always required and that past reliability alone is not sufficient to issue a search warrant.

■ It is not required that an informant's prior information result in a conviction. Reporting the presence of illegal items on one or more occasions verified as true is sufficient to establish reliability upon which a search warrant may be issued. 1 LaFave, Search and Seizure § 3.3(b), at 627–643 (2d ed. 1987). *See also U.S. v. Williams,* 10 F.3d 590, 593–595 (8th Cir.1993); *Laws,* 801 S.W.2d at 69; *Kouder v. State,* 154 Ga.App. 597, 269 S.E.2d 92 (1980); *State v. Riggs,* 328 N.C. 213, 400 S.E.2d 429 (1991). There was a sufficient basis to issue the search warrant. Point two is denied.

The judgment in Case No. 18970 is affirmed. Appeal No. 19405 is deemed abandoned and is dismissed.

PARRISH and CROW, JJ., concur.