## A03A1740. BURKE v. THE STATE.
(592 SE2d 862)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court found Nathan Burke, Jr. guilty of possession of a controlled substance. Burke appeals, asserting that the trial court erred in denying his motion to suppress evidence seized pursuant to a search warrant. For reasons that follow, we affirm.

We review the validity of the search warrant under the "totality of the circumstances" test:

> [t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . concluding that probable cause existed.[1]

Viewed in this manner, the record shows that Frank Green, an investigator with the Decatur County Sheriff's Office, provided the magistrate judge with an affidavit, sworn to by Green, seeking a search warrant for the residence and person of Nathan Burke. Green was trying to find cocaine and related paraphernalia. The affidavit sets forth Green's experience in drug enforcement, information regarding a prior investigation by Green wherein Burke was arrested for possession of marijuana, a history of several prior arrests of Burke for possession of marijuana, information given to Green by a confidential informant that Burke was currently selling marijuana and cocaine from his residence, and information regarding a controlled buy wherein the informant, at the request of Green, purchased cocaine from Burke. The affidavit also sets forth Green's previous drug investigation experience with the informant, and that the information provided by the informant in the past was verified by one arrest and the seizure of methamphetamine and marijuana. The affidavit states that the "name, payment status, probation/parole status and charge status" of the informant would be provided to the magistrate judge when the affidavit was presented to him for a search warrant. The magistrate issued the search warrant.

Four officers were involved in the execution of the search warrant. As Burke was exiting the passenger side of a vehicle that had

---

[1] (Punctuation omitted.) *Whitehead v. State*, 184 Ga. App. 307 (361 SE2d 188) (1987).

just pulled into his residence, the officers announced to Burke that they had a search warrant. Green placed Burke on the ground and searched him. Green found on Burke an amber-colored pill and two pieces of an off-white solid substance, which were later identified as a drug known as "MDMA" and cocaine, respectively. Burke moved to suppress the evidence seized by the officers, arguing that under the totality of the circumstances, including the reliance of the magistrate on oral testimony not included in the affidavit, the warrant was not lawfully issued.

At the hearing on the motion to suppress, Green testified that the only information not included in the affidavit was information regarding the informant, including his name, parole status, and compensation. Green gave this information to the magistrate through oral testimony. In the application for the search warrant, under the section setting forth the facts tending to establish probable cause, the magistrate used a series of blocks as a type of code for this information.

The trial court found that Green gave the magistrate information on the informant, including his name, criminal history, and payment status, and that this information was set forth by the magistrate on the face of the affidavit through a "code system of rectangles." Based on this finding, and a review of the evidence and affidavit, the court found that the search warrant was based on sufficient probable cause. Accordingly, the court denied Burke's motion to suppress. Following a bench trial, the court found Burke guilty of possession of a controlled substance. Burke appeals, once again contending that under the totality of the circumstances, the warrant was not lawfully issued. We disagree.

The totality of the circumstances test involves "a practical, common-sense approach to the requirement of probable cause relative to the issuance of search warrants."[2] And with respect to information obtained from an informant, this Court has set forth three types of information needed to support an application for a search warrant: "the type of information previously supplied by the informant, the use to which that information has been put, and the length of time since the previous information was furnished."[3] However, we have cautioned against too strict a construction of these requirements and have found that "one or more specifics as to the information be furnished the magistrate so that from the facts made known to him he may make an independent analysis as to whether the informant is presently a reliable and trustworthy person."[4]

---

[2] (Punctuation omitted.) Id.
[3] (Punctuation omitted.) Id. at 308.
[4] Id.

Here, Green's affidavit sets forth reasons for his belief in the informant's reliability and establishes that Green took steps to verify the information provided by the informant. The affidavit also sets forth Green's prior dealings with Burke and describes a controlled buy wherein the informant purchased drugs from Burke. The fact that the name and other confidential information regarding the informant are not set forth on the face of the affidavit does not invalidate this otherwise reliable affidavit, since it "is not required that a confidential informant's personal identity be compromised."[5] Applying a "practical, common-sense approach"[6] under the totality of the circumstances, we find that the affidavit was sufficient to support the magistrate's finding of probable cause. Accordingly, the trial court did not err in denying Burke's motion to suppress the evidence obtained pursuant to the search warrant.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JANUARY 7, 2004 

*Gilbert J. Murrah*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[5] *Galgano v. State*, 147 Ga. App. 284, 287 (248 SE2d 548) (1978).

[6] *Whitehead*, supra at 309.