## A04A0136. JOHNSON v. THE STATE.
(600 SE2d 667)

RUFFIN, Presiding Judge.

A jury found Tony Keyon Johnson guilty of trafficking in cocaine. Johnson appeals, asserting that the trial court erred in denying his motion to suppress and by admitting certain evidence. He also challenges the sufficiency of the evidence. For reasons that follow, we affirm.

1. In reviewing Johnson's assertion that the evidence was insufficient to sustain his conviction, we examine the evidence in a light most favorable to support the jury's verdict, and we do not weigh that evidence or determine witness credibility.[1] Johnson no longer enjoys a presumption of innocence, and we will affirm his conviction if there was sufficient evidence for any rational trier of fact to find beyond a reasonable doubt the essential elements of trafficking in cocaine.[2]

Viewed in this manner, the evidence at trial showed that Officer Joel McSwain of the Tallapoosa Drug Task Force was working with a confidential informant, whom he had worked with for six years, regarding information on a suspected cocaine dealer nicknamed "Smoke." The informant told the police that he had seen Smoke in the possession of a quarter kilogram of cocaine in a gray lockbox at Smoke's residence. He could not identify the address, but he later went with McSwain to point out the residence, which was located at 135 Muse Bridge Road.

McSwain then met with the informant to make preparations for a controlled buy. The informant called Smoke to set up the transaction, and Smoke agreed to meet the informant at a hotel. The police used electronic surveillance to monitor the buy. After Smoke arrived at the hotel, the informant signaled the police that he had seen cocaine, and McSwain initiated a "takedown" of Smoke, who was later identified as Johnson. McSwain read Johnson his *Miranda* rights. Johnson told McSwain that if the police would let him walk away, he would identify a major drug player. McSwain said that he was not in a position to make any deals. McSwain also told Johnson that the police had information that there was more cocaine at Johnson's house and that Johnson should "come clean" and let the officers collect any more drugs that he had. Johnson agreed, and McSwain contacted Officer Sims, another member of the task force, to assist in a search of the residence.

Johnson took them to a vacant residence next to 135 Muse Bridge Road, stating that it was his residence, but McSwain noticed a woman and children at the 135 Muse Bridge Road address, and the children were calling Johnson "daddy." The officers questioned the woman, who identified herself as Johnson's wife, and she declined to give them permission to search the house. Accordingly, Sims left to get a search warrant.

Sims provided the magistrate with an affidavit, sworn to by Sims, seeking a search warrant for 135 Muse Bridge Road. The

---

[1] See *Cox v. State*, 242 Ga. App. 334-335 (1) (528 SE2d 871) (2000).

[2] See id.

affidavit sets forth Sims' experience in drug enforcement, information from the confidential informant that Johnson was selling cocaine from the residence, and information regarding the controlled buy. The affidavit also states that Johnson, after being read his *Miranda* rights, volunteered to turn over the cocaine he had and that a woman who was with Johnson at the time of his arrest told the officers that Johnson had taken her to the residence to pick up cocaine. The magistrate issued the search warrant.

The officers executed the warrant, finding a lockbox filled with scales and suspected cocaine. Johnson moved to suppress the evidence, asserting that the search warrant was invalid. The trial court denied the motion. The State's forensic chemistry expert testified that the total amount of cocaine was 40.01 grams of 73.6 percent pure cocaine.

2. Pursuant to OCGA § 16-13-31 (a) (1), "[a]ny person who knowingly sells . . . or who is knowingly in possession of 28 grams or more of cocaine . . . commits the felony offense of trafficking in cocaine." Johnson asserts that the evidence is insufficient to support his conviction because other individuals had access to the cocaine. We disagree.

"The equal access defense is based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it *affirmatively* appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."[3] Johnson suggests on appeal that any number of people, including any of the children in the neighborhood, had "superior access" to the cocaine and that Johnson could not control what came into the residence where the cocaine was found. However, the evidence certainly supported the conclusion that the cocaine belonged to Johnson.[4] Thus, the jury was authorized to find Johnson guilty beyond a reasonable doubt.[5]

3. Johnson also asserts that the trial court erred in denying his motion to suppress because the affidavit lacked enough information for the magistrate to make an independent analysis as to whether the informant was credible. We disagree. We review the validity of the search warrant under the totality of the circumstances test:

> [the] task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including

---

[3] (Punctuation omitted; emphasis in original.) *Mathis v. State*, 204 Ga. App. 896, 897-898 (1) (420 SE2d 788) (1992).

[4] See id. at 898.

[5] See id.

the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[6]

The totality of the circumstances test involves "a practical, common-sense approach to the requirement of probable cause relative to the issuance of search warrants."[7] Here, the affidavit sets forth a controlled buy wherein the officers searched the confidential informant before the buy and monitored the entire transaction through electronic surveillance. The affidavit also sets forth Johnson's willingness to turn over the cocaine at the residence and a statement from the woman who was with Johnson at the time of his arrest that Johnson had taken her to the residence to pick up cocaine. Applying a "practical, common-sense approach,"[8] we find that the affidavit was sufficient to support the magistrate's finding of probable cause.[9] Accordingly, the trial court did not err in denying Johnson's motion to suppress the evidence obtained pursuant to the search warrant.

4. Johnson further argues that the trial court violated Uniform Superior Court Rule 31.3 (E) by admitting evidence of a similar transaction that was "dissimilar in nature." We disagree. The decision to admit a prior similar transaction into evidence is within the discretion of the trial court and will not be disturbed absent an abuse of discretion.[10] And we find no such abuse here.

USCR 31.3 (E) allows evidence of similar transactions that "are immediately related in time and place to the charge being tried . . . as part of a single, continuous transaction." The State introduced evidence regarding the controlled buy at the hotel as a similar transaction. Johnson asserts that the controlled buy at the hotel and the search of the residence constitute "two separate, distinct occurrences and two different locations." We disagree. The record reflects the controlled buy culminated in the search of the house on the same day. And "[c]ircumstances forming a part of the main transaction are admissible as part of a continuous transaction."[11] Accordingly, the trial court did not err in allowing this evidence.

---

[6] (Punctuation omitted.) *Whitehead v. State*, 184 Ga. App. 307 (361 SE2d 188) (1987) (physical precedent only); *Burke v. State*, 265 Ga. App. 38 (592 SE2d 862) (2004).

[7] (Punctuation omitted.) *Burke*, supra at 39.

[8] *Whitehead*, supra at 309.

[9] See *Bellamy v. State*, 243 Ga. App. 575, 578 (1) (b) (530 SE2d 243) (2000).

[10] See *Burke*, supra.

[11] *Brewer v. State*, 224 Ga. App. 656, 659 (7) (481 SE2d 608) (1997).

5. Finally, Johnson asserts that the trial court erred in admitting his statement that if the police would let him walk away, he would identify a major drug dealer. He contends that the statement was not freely and voluntarily given because he was "under extreme pressure and confused about what was going on." Again, we disagree.

After a trial court conducts a hearing and finds that a statement given by a defendant was freely and voluntarily made, that finding will be upheld on review unless it was clearly erroneous.[12] There is no evidence in the record that Johnson was in any way coerced or threatened by the police or that he did not understand his *Miranda* rights. The evidence presented to the trial court thus authorized a finding that this statement was freely and voluntarily given.[13] Accordingly, the trial court did not err in admitting the statement.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MAY 24, 2004.

*Word & Simmons, Gerald P. Word, Jason W. Swindle,* for appellant.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney,* for appellee.

