## A04A1433. WALKER v. THE STATE.
### (603 SE2d 533)

MILLER, Judge.

Jimmy R. Walker appeals his conviction for rape on the sole ground that the evidence presented at trial was insufficient to support his conviction. We disagree and affirm.

Viewed in the light most favorable to the verdict, the evidence shows that in the early morning of May 18, 1998, a pregnant teenager fell asleep at a friend's apartment located in the same complex where the teenager lived with her mother. Walker, who was her mother's boyfriend at the time, awakened her by tugging at her clothes. The young woman said, "What are you doing[?]" and told Walker to stop. Walker told her to take her clothes off, but she refused. Walker insisted that he would "take it," and began punching the young woman's face. The young woman fought back by biting Walker's side and grabbing his genitals through his jeans until he punched her in the right eye, causing her to black out briefly. At this point, after smelling alcohol on his breath, the young woman ceased her resistance. Walker then removed her overalls and penetrated her with his penis. He did not use a condom. After ejaculating, he told her to wipe herself off. The young woman did so only partially, however, because she already planned to press charges and "needed something left to prove it." Walker quickly gathered his things and left, twice insisting that he would be "very angry" if she left the apartment less than 30 minutes after he did.

After waiting for about five minutes, the young woman finally "got up enough nerve to get out the door," ran to the back door of her mother's apartment, and pounded on the door until her mother let her in. She "yelled" that "Jimmy Walker just raped and beat me," at which her mother, brothers, and baby all began to scream. "Everybody in the neighborhood was woke up, and somebody called the police." The young woman was taken to the hospital, where a doctor conducted a pelvic exam and observed a "heavy milky creamy discharge inside the vagina" as well as a "creamy milky white discharge" on her cervix. Rape kit swab samples were then taken of both the vaginal wall and the cervix. Later tests found Walker's DNA in both of these semen samples. The jury found Walker guilty on one count of rape and one count of simple battery. Walker's motion for a new trial was denied, and he now appeals.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer entitled to a presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We neither weigh evidence nor judge witness credibility, but determine only whether the evidence

was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Despite the direct testimony from the young woman connecting Walker to the rape, Walker contends that the evidence was insufficient to sustain his conviction. Specifically, he points out that in the young woman's written statement to police, she said that he "couldn't get it hard enough to get inside of me," and that this statement indicates that he never penetrated her such that he could have raped her. See OCGA § 16-6-1 (a). At trial, however, the young woman testified that Walker had indeed penetrated her. "The determination of a witness's credibility . . . is within the exclusive province of the jury." (Citation and punctuation omitted.) *Parks v. State,* 257 Ga. App. 25 (1) (570 SE2d 350) (2002). Therefore, it was within the purview of the jury to resolve any alleged conflicts in the evidence here.

Walker also asserts that the crime lab's failure to label the cervical and vaginal swabs separately removed the certainty that penetration occurred. This argument also goes to the weight of the evidence, which, again, we do not evaluate here, and could only have come from profound anatomical ignorance. Since the cervix is located at the back of the vagina, between the vagina and the uterus, the jury could have taken the results from either swab as evidence of penetration. Indeed, the State was under no responsibility to prove that Walker ejaculated inside the victim at all, since "[n]either the presence nor the amount of semen in a victim's body is an element of the crime." *Carson v. State,* 192 Ga. App. 52, 53 (383 SE2d 619) (1989), citing *Skipper v. State,* 257 Ga. 802, 804 (1) (b) (364 SE2d 835) (1988). The combination of a visual examination and laboratory tests produced evidence that Walker's semen was present on both the vaginal wall and the cervix. Like the victim's testimony that Walker penetrated her, any single part of this visual and laboratory evidence would have been sufficient to justify the guilty verdict.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 18, 2004.

*Patrick G. Longhi,* for appellant.
*Paul L. Howard, Jr., District Attorney,* for appellee.